THE STATE OF OHIO v. ECHELBARGER.

(No. 77-CR-B-203—Decided November 29, 1977.)

Fostoria Municipal Court.

*Mr. James Granecki*, city prosecutor, for plaintiff.
*Mr. Thomas Bryant*, for defendant.

PEPPLER, J.  The defendant moves for a dismissal of the complaint for the reason that the statute underlying the complaint is facially unconstitutional.  The complaint alleges that the defendant "* * * did unlawfully and recklessly inconvenience, annoy, or alarm Joyce Carr by engaging in violent and turbulent behavior * * *."  The statute in question is R. C. 2917.11(A), which, as it pertains to this action, reads:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;"

The remainder of Section (A), which does not pertain to this particular complaint, reads:

"(2) Making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person;

"(3) Insulting, taunting, challenging another, under circumstances in which such conduct is likely to provoke a violent response;

"(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act which serves no lawful or reasonable purpose of the offender;

"(5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender."

If a criminal statute is not sufficiently explicit to inform those subject to it what conduct on their part will render them liable to its penalties, if it is couched in terms so vague that men of common intelligence must guess at its meaning and differ as to its application, it is constitutionally infirm. *Connally* v. *General Construction Co.* (1926), 269 U. S. 385, 391; *Columbus* v. *Thompson* (1971), 25 Ohio St. 2d 26, 30; *Coates* v. *Cincinnati* (1971), 402 U. S. 611. See, also, *United States* v. *Harriss* (1954), 347 U. S. 612, and *Marks* v. *Anchorage* (Alaska 1972), 500 P. 2d 644.

The conduct R. C. 2917.11(A) seeks to make criminal is not fighting, or turbulent behavior, or threats of harm to others, or hindering or insulting. The conduct sought to be made criminal, the gravamen of the offense, if you will, is the act of inconveniencing, or of annoying, or of alarming someone. One can fight or be turbulent or threatening and not be in violation unless his behavior inconveniences, annoys, or alarms someone. Unfortunately for the statute's validity, no objective standards or tests for annoyance, alarm or inconvenience are set forth in our Criminal Code. These terms have no legislated parameters. Thus, the constitutional infirmity of the statute is apparent in the very generalizations upon which it seeks to predicate a crime. The legislature having failed to determine annoyance, inconvenience or alarm, in other words, having failed to legislate a crime, the determination is left to judge or jury, after the fact, based on their subjective definition of annoyance, inconvenience or alarm.

In practice, then, the statute is not grounded on objective standards that fairly forewarn the citizen of for-

bidden conduct but upon subjective standards established after the fact on a case by case basis by judge or jury. Permitting judge or jury to make conduct criminal after the fact is as constitutionally invalid as *ex-post-facto* legislation.

The statute being unconstitutional on its face a complaint based on that statute cannot be enforced. Case dismissed. Defendant discharged.

*Case dismissed.*