CITY OF CUYAHOGA FALLS *v.* GANOCY.

(No. 81 CRB 1168—Decided
November 18, 1981.)

Municipal Court of Cuyahoga Falls.

. *Mr. Jack Larko,* prosecuting attorney, for plaintiff.

*Mr. Duard D. Bradshaw,* for defendant.

PIKE, J. This matter came on for hearing upon the motion of the defendant requesting the court to dismiss the complaint against him on the grounds that Cuyahoga Falls Codified Ordinance Section 519.03 is not grounded on any objective standards that forewarn the defendant of forbidden conduct and, therefore, is facially unconstitutional. *State* v. *Echelbarger* (1977), 54 Ohio Misc. 29 [8 O.O.3d 342].

The complaint alleges that the defendant, Steven J. Ganocy, did unlawfully and recklessly inconvenience, annoy, or alarm another, by engaging in fighting, in threatening harm to Susan L. Leonhardt, or in violent or turbulent behavior. The relevant portion of Cuyahoga Falls Codified Ordinance Section 519.03 states:

"(a)  No person shall recklessly cause inconvenience, annoyance, or alarm to another, by any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior
* * *."

The language of the challenged ordinance is identical to that contained in R.C. 2917.11(A)(1). It is contended that this language suffers from the constitutional infirmity of vagueness. The case of *State* v. *Echelbarger, supra,* is cited in support of such assertion. In that cause it was found that such language was unconstitutionally vague, the court saying:

"The conduct sought to be made criminal, the gravamen of the offense, if you will, is the act of inconveniencing, or of annoying, or of alarming someone. One can fight or be turbulent or threatening and not be in violation unless his behavior inconveniences, annoys, or alarms someone. Unfortunately for the statute's validity, no objective standards or tests for annoyance, alarm or inconvenience are set forth in our Criminal Code. These tests have no legislated parameters
* * *." *State* v. *Echelbarger, supra,* at 30.

The court further stated that:

"In practice, then, the statute is not grounded on objective standards that fairly forewarn the citizen of forbidden conduct but upon subjective standards established after the fact on a case by case basis by judge or jury." *Id.*

With the above holding, this court must respectfully disagree.

It is beyond understanding that a legislative enactment which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *Connally* v. *General Construction Co.* (1926), 269 U.S. 385, 391.

The United States Supreme Court further stated in *Jordan* v. *DeGeorge* (1951), 341 U.S. 223, 231-232:

"Impossible standards of specificity are not required. *United States* v. *Petrillo,* 332 U.S. 1 (1947). The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. * * *"

It must be remembered that language is imprecise, and that a penal legislative enactment cannot, of necessity, be drafted with scientific precision. The absence of such precision does not, in itself, render a challenged enactment constitutionally infirm. *Id.* The United States Supreme Court, in upholding the constitutionality of a Kentucky disorderly conduct statute attacked on First Amendment grounds, said:

"The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited. We agree with the Kentucky court when it said: 'We believe that citizens who desire to obey the statute, will have no difficulty in understanding it * * *.' *Colten* v. *Commonwealth,* 467 S.W.2d, at 378." *Colten* v. *Kentucky* (1972), 407 U.S. 104, 110.

A similar result obtains in the instant cause.

That the challenged ordinance may be construed as alluded to in *Echelbarger,* does not render the same unconstitutionally vague. Such interpretation could doubtless be made of many other penal enactments.

The Court of Appeals for the state of New York confronted the instant problem in the case of *People* v. *Harvey* (1954), 307 N.Y. 588, 123 N.E.2d 81, one in which the statute at issue prohibited any person from engaging in any offensive or disorderly act or language annoying to or interfering with any person. In upholding the constitutionality of the statute against a vagueness attack, the court said, at page 83:

"Defendant argues that words like 'offensive', 'disorderly', 'annoying' and 'interfering' make criminality depend not on the objective nature of words or acts, but on a complainant's reaction thereto. For instance, says defendant, political oratory is annoying and offensive to many but should not, for that sole reason, be punishable as a crime. We do not think that the statute gauges criminality by the impressions made on an annoyed or disgruntled citizen. Common sense, and decisions like *People* v. *St. Clair* and *People* v. *Weiler, supra,* dictate that language or conduct is to be adjudged to be disorderly, not merely because it offends some supersensitive or hypercritical individual, but because it is, by its nature, of a sort that is a *substantial inference with (our old friend) the reasonable man.*" (Emphasis added.)

It is apparent that a similar result obtains in the instant cause. So construed, the challenged enactment prohibits certain enumerated types of conduct which interferes with, annoys or inconveniences a reasonable man. Reason and common sense support such interpretation. So construed, there can be little doubt as to the constitutionality of the ordinance at bar. That there is no legislative definition of such "reasonable man" does not render infirm the enactment. Such construction is consistent with logic and common sense. Clearly, construed in such a manner, it cannot be seriously contended that a man of ordinary intelligence and understanding would have to guess at its meaning or as to its application.

Taking the foregoing into consideration, the court hereby overrules the motion of the defendant to dismiss this action on the basis that the ordinance is unconstitutional.

*Motion to dismiss overruled.*