CITY OF AKRON, Appellee,

v.

RAGAN, Appellant.

[Cite as *Akron v. Ragan* (1992), 80 Ohio App.3d 397.]

Court of Appeals of Ohio,
Summit County.

No. 15375.

Decided May 13, 1992.

*Reed J. Aeschliman,* Assistant Prosecuting Attorney, for appellee.

*Lawrence J. Whitney,* for appellant.

---

CACIOPPO, Judge.

Defendant-appellant, Ralph Ragan, appeals from his conviction for violating Section 132.01(A)(1) of the Akron City Code, which states:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;"

Ragan appeals, asserting one assignment of error. We affirm.

## Assignment of Error

"The verdict of guilty in this cause was against the manifest weight of the evidence and further was not supported by reliable, probative evidence and thus appellant was denied his constitutional right to a fair trial and due process of law as guaranteed by the U.S. Constitution, Amendments XIV and V."

Ragan asserts in his sole assignment of error that his conviction was against the manifest weight of the evidence and was not supported by sufficient evidence. We do not agree.

The test we apply to determine whether a criminal conviction is against the manifest weight of the evidence was set out by this court in *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009, 1010:

" * * * an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717, paragraph three of the syllabus; *State v. Allen* (Aug. 27, 1986), Lorain App. Nos. 4019 and 4020, unreported [1986 WL 9355]. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. *Id.*"

The test we apply to determine whether a criminal conviction is supported by sufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v.*

*Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573. This court cannot reverse the trial court's finding of guilty where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, paragraph one of the syllabus.

The evidence, viewed in the light most favorable to the prosecution, supports Ragan's conviction. Likewise, the evidence does not reflect that the trier of fact lost its way and created a manifest miscarriage of justice. The evidence demonstrates that Ragan had two cars illegally parked on the street in front of his house. A police officer issued citations to Ragan for the vehicles. As a result, Ragan became abusive, pounding on the window of the officer's vehicle and yelling at the officer. Ragan then moved to the front of the vehicle and pounded on the hood. The officer warned Ragan that he would be arrested if he did not calm down, but Ragan's shouting continued. Ragan was then placed under arrest. When other officers arrived on the scene, Ragan retreated into his home. When the officers approached the front door, Ragan charged from the house, where he was apprehended by several officers.

After reviewing the record, we find that the judgment of the trial court is supported by sufficient evidence and is not contrary to the manifest weight of the evidence.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.