30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Malcolm C. GUSTAFSON, Defendant-Appellant.
 No. 93-4247.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Malcolm C. Gustafson, a pro se federal defendant, appeals his conviction on one count of disorderly conduct and one count of disobeying a lawful order of a police officer authorized to direct traffic in violation of 18 U.S.C. Secs. 7 and 13 and Ohio Rev. Code Secs. 2917.11(A)(2) and 2921.33.1(A) (Baldwin 1992). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gustafson was charged in a two-count information following an incident that occurred on July 29, 1992, at Gate 1C of Wright-Patterson Air Force Base (WPAFB), where Gustafson was temporarily assigned as a civilian employee of the Air Force. Airman First Class Lampon-Paz, who was assigned to regulate traffic entering and exiting the base through that gate, noticed that Gustafson's vehicle had a temporary pass. When he stopped the defendant's car to examine the pass, he ascertained that the license number on the pass did not match the license number on the car. After examining Gustafson's identification, Lampon-Paz confiscated the pass, but waved Gustafson through the gate, telling him to get a new pass as soon as possible. Gustafson, however, demanded the return of his pass and an apology. When neither was forthcoming, he became belligerent with both Lampon-Paz and, subsequently, with Flight Chief LaTonia Hunter, who came to the gate after Gustafson demanded to speak with the airman's supervisor. Because Gustafson could not be calmed down and traffic was backing up at the gate, Hunter ordered Gustafson to get into his car and follow her to the law enforcement desk. Gustafson complied only after the order was repeated two or three times and he was threatened with handcuffs. At the security building, Gustafson continued his tirade until he was ultimately issued citations for disorderly conduct and refusing to obey a lawful order. Meanwhile, Gustafson filled out a complaint against the Air Force security officers, alleging that they had violated his right to free speech, that Hunter had uttered a racial slur (Hunter is black and Gustafson is white), and that their actions constituted waste and abuse of authority. Gustafson was convicted of both counts following a two-day bench trial and was sentenced on November 12, 1993, to a $250 fine on each count, and a $15 special assessment. An amended judgment was entered on November 29, 1993.
 
 
 3
 On appeal, Gustafson raises fourteen alleged trial errors: (1) Ohio law cannot be assimilated into federal law in conflict with the Whistleblower Protection Act of 1989, False Claims Act, and Clean Air Act; (2) Ohio Rev.Code Secs. 2917.11(A)(2) and 2921.331(A) (Baldwin 1992) are unconstitutionally overbroad and vague; (3) these Ohio code sections were unconstitutionally applied to him; (4) the trial court improperly overruled his motion for special findings; (5) the trial court's general findings were insufficient; (6) the trial court erred in applying an ordinary man standard regarding "fighting words" instead of an ordinary policeman standard; (7) the trial court erred in not applying a limiting construction and standard for a "lawful order"; (8) the trial court erred in not finding reprisal against the defendant for his whistleblowing activities; (9) the trial court clearly erred in finding that the defendant used fighting words; (10) there was insufficient evidence to convict him on either count; (11) the cited Ohio code sections do not apply to his conduct; (12) the trial court impermissibly intertwined protected and unprotected speech and conduct to find the defendant guilty; (13) the trial court erred in not sustaining his motion to dismiss; and (14) the application of the Ohio Revised Code sections unlawfully deprived him of his statutory right to expose governmental corruption under the Code of Ethics for Government Service and to disclose information that he reasonably believed constituted a violation of law or abuse of authority under the Whistleblower Protection Act of 1989.
 
 
 4
 Upon review, we affirm the district court's judgment because there was sufficient evidence to convict Gustafson of both counts, the pertinent Ohio Revised Code sections are not unconstitutional on their face or as applied, and the Whistleblower Protection Act is not available as a defense in a criminal prosecution. Gustafson's fourteen issues may be condensed into four as follows: Whistleblower Protection Act issues (Gustafson's issues 1, 8, 12, 13, 14); Ohio Revised Code section issues (Gustafson's issues 2, 3, 6, 7, 9, 11); sufficiency of the trial court's findings (Gustafson's issues 4, 5); and sufficiency of the evidence (Gustafson's issue 10).
 
 
 5
 Gustafson's defense at his criminal trial rested upon the theory that his statements and actions at Gate 1C on July 29th were disclosures of waste (of his time) and abuse of authority that were protected by the Whistleblower Protection Act of 1989, 5 U.S.C. Sec. 2302(b)(8). His appeal is based to a large extent on this same theory. Gustafson's theory is totally meritless. By its express terms, the Whistleblower Protection Act prohibits an employer from taking one of any specified adverse personnel actions against an employee or applicant for employment in retaliation for that person's disclosure of information relating to violations of law, fraud, waste, etc. on the part of the employer. Thus, for example, the Act may have been used as a defense to the brief suspension which Gustafson received as a disciplinary action related to the same incident that is the subject of his criminal trial. See Martin v. Lauer, 686 F.2d 24, 29 n. 19 (D.C.Cir.1982). However, it is not available as a defense in a criminal trial.
 
 
 6
 For this reason, Gustafson is not entitled to relief based on his issues numbered 1, 8, 12, 13, and 14.
 
 
 7
 Gustafson next argues that Ohio Revised Code Secs. 2917.11(A) and 2921.331(A) (Baldwin 1992) are unconstitutionally vague or were unconstitutionally applied, and that the trial court used an incorrect standard in finding him guilty of using "fighting words." Again, his arguments are without merit.
 
 
 8
 The Ohio Supreme Court has determined that the constitutionality of Sec. 2917.11(A) must be determined in light of the circumstances surrounding the alleged speech of the defendant. State v. Hoffman, 387 N.E.2d 239, 242 (Ohio 1979). More recently, an Ohio court has held that Sec. 2917.11(A) is not unconstitutionally vague because a defendant's words and actions are judged under an objective "reasonable man" standard, which gives fair warning of prohibited conduct. City of Cuyahoga Falls v. Ganocy, 439 N.E.2d 968, 970-71 (Ohio Mun.1981). When the circumstances surrounding Gustafson's conduct are examined, it is clear that Ohio's disorderly conduct statute is not unconstitutional as applied in this case.
 
 
 9
 Moreover, the district court did not err in applying a "reasonable person" standard rather than a "reasonable police officer" standard in determining whether Gustafson's conduct was prohibited by the statute. The Ohio courts have almost uniformly applied a "reasonable person" standard under this statute, even when the alleged fighting words were directed to a police officer. See, e.g., Hoffman, 387 N.E.2d at 242; State v. Lamm, 609 N.E.2d 1286, 1289 (Ohio App.1992); State v. Hampton, 583 N.E.2d 400, 401 (Ohio App.1990) (per curiam); City of Toledo v. Grince, 548 N.E.2d 999, 1001 (Ohio App.1989) (per curiam). But see State v. Johnson, 453 N.E.2d 1101, 1103 (Ohio App.1982) (per curiam) (reasonable police officer standard applied). Section 2921.331 is a classic and valid exercise of the state's police power in regulating traffic which provides sufficient guidelines for both police officer and citizen.
 
 
 10
 Accordingly, Gustafson's issues numbered 2, 3, 6, 7, 9, and 11 do not warrant relief.
 
 
 11
 The district court properly overruled Gustafson's motion for special findings because Gustafson did not request special findings before the general findings were made, as required by Fed.R.Crim.P. 23(c). The existence of special findings is not a necessity because the court of appeals will imply findings supporting the judgment if the evidence, viewed in a light most favorable to the government, warrants them. United States v. Powell, 973 F.2d 885, 889-90 (10th Cir.1992), cert. denied, 113 S.Ct. 1598 (1993). The findings made by the district court are sufficient for a meaningful appellate review.
 
 
 12
 Finally, the evidence was sufficient to support Gustafson's conviction on both counts because a rational trier of fact could accept the evidence as establishing each essential element of each crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 13
 The cases are clear that use of profanity alone or generalized derogatory statements are insufficient to support a conviction for disorderly conduct. See Lamm, 609 N.E.2d at 1289; Grince, 548 N.E.2d at 1002. However, a defendant's conduct in pounding on a police car while yelling at the officer, after a warning to stop, was found to be sufficient to support a disorderly conduct conviction. See City of Akron v. Ragan, 609 N.E.2d 566, 567-68 (Ohio App.1992). Although he did not pound a police car, Gustafson waved his finger approximately one inch from the faces of Lampon-Paz and Hunter after being warned to stop. In addition, a disinterested witness testified that she saw and heard Gustafson engaging in conduct that, in her opinion, could have provoked a violent response. Moreover, Gustafson directed accusations at these officers specifically, in addition to making disparaging remarks about Air Force security in general. There is, thus, ample evidence to support the district court's judgment that Gustafson was guilty of disorderly conduct.
 
 
 14
 There was also sufficient evidence to support Gustafson's conviction for failing to obey a lawful order of an officer directing traffic. It is undisputed that Lampon-Paz and Hunter were invested with authority to direct traffic at Gate 1C when Gustafson was stopped. The entire incident was related to the proper registration of a motor vehicle entering WPAFB and unquestionably came under the regulation of traffic on the base. At trial, both Lampon-Paz and Hunter testified that, as traffic started to back up and Gustafson refused to calm down, Hunter ordered him to get into his car and proceed to the law enforcement desk on the base. When he did not comply, she repeated the order at least two more times and threatened the use of handcuffs before he finally obeyed. This testimony, credited by the court, was sufficient for a conviction on count 2.
 
 
 15
 Accordingly, the district court's amended judgment, entered on November 29, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.