The STATE of Ohio, Appellee,

v.

CAMPANA, Appellant.

[Cite as *State v. Campana* (1996), 112 Ohio App.3d 297.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–114.

Decided July 1, 1996.

298

*Ron M. Graham,* Mentor City Prosecutor, for appellee.

*Stewart I. Mandel,* for appellant.

MARY CACIOPPO, Judge.

This appeal emanates from the conviction of appellant, William J. Campana, by a jury in the Mentor Municipal Court, for resisting arrest in violation of R.C. 2921.33.

On January 21, 1995, uniformed officers Ken Zbeiegien and Ken Butsey of the Mentor Police Department drove to appellant's home in a marked police car to serve an arrest warrant upon him. According to Zbeiegien's testimony, he approached appellant's home and spoke with a woman who told him that appellant was in the workshop behind the house. Butsey had already proceeded to the workshop, where he had walked in after knocking on the door, which was slightly ajar. Butsey radioed Zbeiegien to come to the workshop, which he did without knocking on the closed door or announcing his identity. Appellant, however, testified that the officers walked in together and that the door was closed. Allegedly, the door has an automatic door closer on it to prevent heat from escaping.

The officers informed appellant that a warrant had been issued for his arrest; however, neither had a copy of the warrant because it was department policy not

to carry warrants. Appellant was not initially told of the nature of the charge he was being arrested for because the officers did not have that information. However, they testified that they called the station to determine the charge filed against appellant and notified him thereof. Appellant denies that the officers ever told him that he was under arrest and/or called the station.

According to the officers' testimonies, they told appellant several times that he was under arrest, but he refused to go with them. He asked to speak to his attorney, and they said he could do so from the station. After the officers tried to gain voluntary compliance for approximately five minutes, appellant became verbally combative and aggressive. He ordered the officers to leave and tried to push Zbeiegien out of the door. Butsey pushed Zbeiegien back inside and pepper-sprayed appellant to stop his behavior. Although he calmed down for several seconds, he once again became aggressive, at which time Butsey sprayed him again. At that point, Zbeiegien held his left side and Butsey held his right side. A physical struggle ensued, during which the officers were dragged several feet. Finally, they were able to handcuff appellant.

According to appellant, he agreed to go to the station with the officers but asked if he could call his attorney first. When he asked them to wait a minute, they handcuffed him and said they "did not have time to 'F' with you * * * and he sprayed me with mace right then and there." He denies that any commotion or struggle occurred and stated that he never resisted, used force, or touched Zbeiegien. He testified that he was running around the shop trying to look for a rag to wipe his eyes from the pepper spray and that the officers hit him with something, sprayed him twice more, and clubbed him with a flashlight.

Zbeiegien testified that he never struck appellant or used excessive force against him. Butsey denied that he hit appellant with his flashlight, asp (collapsible club), or baton.

Upon arriving at the police station, appellant complained of having heart-attack-like symptoms and a sore shoulder. He was taken to the hospital but released. Butsey and Zbeiegien followed appellant to the hospital and gave him a copy of his warrant.

On January 23, 1995, a complaint was issued against appellant for resisting arrest. At appellant's initial appearance, he pled not guilty to the charge. On May 19, a jury trial was had, and appellant was found guilty of resisting arrest. He was sentenced to thirty days in jail with work privileges, with two months' probation. He was also fined $500 and costs.

On June 19, 1995, the court granted appellant's motion to stay his prison term and continue his release on bond pending this appeal. Notice of appeal was filed, and appellant alleges the following assignments of error:

"1. The trial court erred to the prejudice of defendant-appellant in depriving him of his rights guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

"2. The trial court erred to the prejudice of defendant-appellant in denying his motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure."

As the second assignment of error is dispositive, we will consider it first. Appellant claims that his motion for acquittal should have been granted because his arrest was unlawful since the officers failed to "knock and announce" before entering the workshop and failed to inform him of the charge against him.

Pursuant to Crim.R. 29(A), a court is to order a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. However, if reasonable minds could reach different conclusions as to whether each material element of the crime was proven beyond a reasonable doubt, the motion must be overruled. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184.

In this case, appellant moved at the close of the state's case, as well as at the close of all of the evidence, for a judgment of acquittal. After construing the evidence in a light most favorable to the prosecution, the court overruled his motion.

R.C. 2921.33 mandates that "[n]o person, recklessly or by force, shall resist or interfere with a *lawful arrest* of himself * * *." (Emphasis added.) Therefore, in order for a person to be convicted of resisting arrest, the actual arrest must be lawful. *State v. Clay* (1988), 43 Ohio Misc.2d 5, 539 N.E.2d 1168. Appellant claims that his arrest was unlawful based on Crim.R. 4(D)(3), R.C. 2935.12, and the Fourth and Fourteenth Amendments to the United States Constitution.

Appellant's arrest was lawful based on Crim.R. 4(D)(3), which states that an officer executing a warrant need not have the warrant with him as long as he informs the defendant of the offense charged and the fact that the warrant has been issued. A copy of the warrant must be given to the defendant as soon as possible thereafter.

In the instant matter, the officers were executing an arrest warrant without possessing a copy of the warrant. This was not unlawful pursuant to Crim.R. 4(D)(3). It is the Mentor Police Department's policy not to carry warrants when executing arrests but to show an arrestee a copy of the warrant at the station. The officers informed appellant that there was a warrant for his arrest and informed him of the charge against him after they called the station to determine

it. The dispatcher told the officers, over a microphone with appellant standing nearby, that there was an active warrant for appellant's arrest and the charge against him. In addition, the officers provided appellant with a copy of the warrant as soon as they returned to the police department. Accordingly, the officers did not violate Crim.R. 4(D)(3).

■ Appellant also cannot base his claim that his arrest was unlawful on R.C. 2935.12(A) because that statute is inapplicable in the instant case. That section states:

"When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant * * *, the peace officer * * * making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance, but the law enforcement officer * * * executing a search warrant shall not enter a house or building not described in the warrant."

The provisions of that statute make it clear that it applies only when an officer makes a forced entry by breaking down a door or window. *State v. Davis* (1992), 80 Ohio App.3d 277, 609 N.E.2d 174, extended the application of R.C. 2935.12 to entries by violent, forcible action; however, the statute would still be inapplicable here. See *State v. Applebury* (1987), 34 Ohio App.3d 376, 518 N.E.2d 977, and *State v. Baker* (1993), 87 Ohio App.3d 186, 621 N.E.2d 1347. In this case, the officers knocked and then walked into the workshop through an unlocked door that was ajar. In that they did not have to break down the door or break a window to effectuate the arrest, R.C. 2935.12 is inapplicable to this case.

■ However, appellant's claim that his arrest was unlawful in that it violated his constitutional rights is correct. The Fourth Amendment was designed to protect individuals from unreasonable government intrusions in areas where they have a reasonable expectation of privacy. *State v. Hall* (June 30, 1986), Lucas App. No. L–85–403, unreported, 1986 WL 7373. In *Wilson v. Arkansas* (1995), 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976, the United States Supreme Court interpreted the Fourth Amendment to incorporate the common-law principle of "knock-and-announce" prior to entering a residence. However, that court decided that whether an officer should announce his presence is merely a factor in assessing the reasonableness of a search or seizure. In other words, an officer must act reasonably.

■ If an officer enters a home without waiting an adequate time after knocking and fails to announce his intention, with no exigent circumstances present, the entry is unlawful. *State v. Valentine* (1991), 74 Ohio App.3d 110, 598 N.E.2d 82; *State v. DeFiore* (1979), 64 Ohio App.2d 115, 18 O.O.3d 90, 411 N.E.2d

837. Exigent circumstances include situations where the officers believe that evidence can and will be destroyed quickly or where the announcement would place a police officer in jeopardy. *State v. Southers* (June 8, 1992), Stark App. No. CA–8682, unreported, 1992 WL 127164, and *DeFiore.*

■ The same protections hold true even if the door is ajar. "A partially open door with the occupant standing therein, without exigent circumstances does not diminish or vitiate the protection afforded by, and the values inherent in the fourth amendment or R.C. 2935.12." *State v. Davies* (Jan. 8, 1986), Hamilton App. Nos. C–850112, C–850113, C–850128 and C–850129, unreported, 1986 WL 657. See, also, *Sabbath v. United States* (1968), 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828.

In this case, appellant's conviction for resisting arrest cannot pass constitutional muster in that the arrest was unlawful. The officers failed to knock and announce themselves before entering the workshop. Zbeiegien testified that the workshop door was closed and he entered without knocking or identifying himself. Butsey testified that the door was ajar, stating: "I knocked on it. As I knocked on it the door opened up further. I entered." The officers did not afford appellant time to respond to their knock. Had appellant refused to let them in or ignored their knocks, then they could have walked into the workshop without waiting to be admitted. In addition, there was no evidence presented of any exigent circumstances which required the officers to enter the workshop immediately.

The trial court overruled appellant's motion to acquit on this basis, finding that whether the door was open or closed was a jury question. However, it is irrelevant whether the door was ajar or closed because, as a matter of law, the officers still had a duty to knock and wait for appellant to respond. In addition, Zbeiegien testified that the door was closed, and Butsey testified that he knocked but then walked in as the door opened.

■ Even though the officers' actions subsequent to the illegal entry were arguably lawful in that they informed appellant why they were there, it is unclear as to whether they told appellant who they were. Although they were wearing police uniforms, they still had a duty to inform appellant that they were from the Mentor Police Department. Zbeiegien admitted that he never told appellant who he was, Butsey did not testify to that issue, and appellant testified that he was never told. Therefore, the evidence strongly supports a finding that the officers also failed to inform appellant as to their identity, making the arrest unlawful.

Based just on the fact that the initial entry was unlawful, appellant's motion for acquittal should have been granted. Reasonable minds could only have concluded

that the entry into appellant's workshop was unlawful and, therefore, his arrest was also unlawful.

In that appellant could not be guilty of resisting arrest where the arrest was unlawful, his conviction is reversed by this court. See *State v. Lamm* (1992), 80 Ohio App.3d 510, 609 N.E.2d 1286.

In the first assignment of error, appellant objected to the court's instruction on resisting arrest, contending that the court failed to instruct the jury that the state must prove that the arrest was lawful. Although the court did follow 4 Ohio Jury Instructions 342, Section 521.33, and told the jury that the arrest had to be lawful, it failed to define the elements of a lawful arrest. Therefore, without such an instruction, the jury did not have adequate information to determine what constitutes a lawful arrest. Without such information, the jury could not properly determine whether the arrest was lawful and whether the elements of resisting arrest had been met. *State v. Thompson* (Nov. 9, 1993), Ross App. No. 92CA1906, unreported, 1993 WL 472907.

" 'Because the jury was not instructed on the element of lawful arrest, it did not find beyond a reasonable doubt "every fact necessary" to establish every element of resisting arrest. This violation of due process cannot be considered harmless error.' " *State v. Collins* (1993), 88 Ohio App.3d 291, 295, 623 N.E.2d 1269, 1272, quoting *Hoover v. Garfield Hts. Mun. Court* (C.A.6, 1986), 802 F.2d 168.

Appellant's first assignment of error has merit in that the instruction to the jury deprived him of his due process rights. His second assignment of error has merit; his Crim.R. 29(A) motion should have been granted.

The judgment of the trial court is reversed, and judgment is entered for appellant as to the charge of resisting arrest.

*Judgment reversed.*

JOSEPH E. MAHONEY, P.J., and NADER, J., concur.