I respectfully dissent. Alley had the burden of notifying the court and the prosecution of whether he based his motion to suppress on a statutory requirement or a constitutional defect or both. Xenia v. Wallace (1988), 37 Ohio St.3d 216, 218. See, also, State v. Shindler (1994), 70 Ohio St.3d 54. Alley met his burden by notifying the court and prosecution that "[t]he basis of this motion is that the State of Ohio violated Section2935.12 [of the] Revised Code and entered his property without notice of their intention to make an arrest or to execute a warrant or summons." Thus, at the suppression hearing, the trial court limited the hearing to the application of R.C.2935.12 and did not consider any constitutional defects.
On the day of the jury trial, Alley filed another motion to suppress based on R.C. 2935.12 and federal law. After the prosecution objected because of a lack of timely notice, Alley told the trial court that the basis of his motion was R.C.2935.12. Therefore, the trial court limited its findings when it overruled the motion to suppress to the application of R.C.2935.12.
I believe that the application of R.C. 2935.12 is limited to entries by violent, forcible action. See State v. Campana
(1996), 112 Ohio App.3d 297, 302; State v. Baker (1993),87 Ohio App.3d 186, 193; State v. Davis (1992), 80 Ohio App.3d 277,287; and State v. Applebury (1987), 34 Ohio App.3d 376,378. Here, the officer entered the residence by turning the knob on an unlocked door. Thus, the officer did not use violent, forcible action and consequently did not violate R.C.2935.12.
Thus, I dissent.
 JUDGMENT ENTRY
It is ordered that the judgment of the trial court be reversed and judgment entered for appellant. Appellant shall recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Pike County Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs with Concurring Opinion
Kline, P.J.: Dissents with Dissenting Opinion FOR THE COURT:
FOR THE COURT:
___________________________
Lawrence Grey, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Judge Lawrence Grey, retired of the Fourth District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth District.