OPINION
Defendants-Appellants Mark Lewis and Lisa Ann Lewis appeal from the decision of the trial court overruling their motion to suppress. In their sole assignment of error, the Lewises contend that the trial court erred in overruling their motion because officers violated the knock and announce rule in executing their search warrant.
The Lewises were indicted on November 6, 1997 for one count of aggravated possession of drugs in violation of R.C. 2925.11(A). On January 21, 1998, Lisa filed a motion to suppress her statements and all evidence seized as the result of execution of a search warrant at their residence on October 11, 1997. Although Mark did not file a separate motion to suppress, the trial court treated Lisa's motion as being his as well. For purposes of this appeal, we will continue to treat the motion as theirs. The motion was heard on January 29, 1998 and February 4, 1998. On February 12, 1998, Lisa filed a memorandum in support of her motion to suppress, and Mark filed his memorandum in support on February 13, 1998.
The record reflects that Detective Harry Tullis of the Dayton Police Special Investigations Division, Drug Enforcement Bureau, presented an affidavit to a Dayton Municipal Court judge on October 11, 1997 requesting a search of 217 Dell Street. On September 30, 1997, a confidential informant had provided Detective Tullis with information that crystal methamphetamine "crank" was being sold at 217 Dell Street, and that he had been purchasing it from the Lewises at that location for a year. Detective Tullis verified that the Lewises lived at that residence. This confidential informant made controlled purchases on October 3, 1997 from Mark, and on October 4, 1997 from Lisa, with both purchases having been monitored by the Dayton Police Department. The substance purchased was verified as crank by the Miami Valley Regional Crime Lab.
On October 11, 1997, the informant called Mark before noon to obtain more crank. Mark told him that he had picked up a shipment of crank, but he would not be selling it until later that evening.
The judge issued a search warrant for 217 Dell Street based upon this information.
At approximately 4:30 p.m. on October 11, 1997, Detective Tullis and Officer Goodwill, both in uniform and driving a marked cruiser, arrived at 217 Dell Street. Because the officers knew that the Lewises had children, they had decided upon a "low key" approach to execution of the search warrant to prevent violence or unnecessary confrontation. Upon their arrival, they noticed Lisa and a young child hanging laundry in the side yard. Detective Tullis approached Lisa and initiated a conversation about a possibly stolen cleaning machine he had discovered in the back of a vehicle as the result of a traffic stop he had just completed down the road. Lisa stated that she knew the woman he had stopped, and she had knowledge that the woman owned the machine.
Detective Tullis then inquired if Mark was home; Lisa replied that she thought he was upstairs. Detective Tullis requested to speak with Lisa inside the house. They walked to the front door and went inside. Lisa yelled for Mark, and at that point Detective Tullis informed Lisa that he had a search warrant for her residence. Detective Tullis radioed for Detectives Stapleton and Del Rio to enter the house. As Mark descended the stairs, the detectives informed him of the search warrant.
After discovering a padlock on the master bedroom door, Detective Tullis retrieved Lisa from downstairs and read herMiranda rights to her. Detective Tullis told Lisa about the controlled buys they had made on October 3 and 4, 1997, and asked her where they kept the drugs and weapons. Lisa stated that they were in the master bedroom. Detective Tullis asked her about the location of the key so they would not have to force the door open; she stated that the key was in her purse. Detective Stapleton retrieved the purse and brought it upstairs to Lisa, where she assisted the detectives in finding the key and opening the door. With Lisa's assistance, the detectives confiscated a baggie containing a large rock of crank, marijuana, and a .25 caliber Raven handgun. After Detective Stapleton guided Lisa downstairs, Detective Tullis discovered additional crank and marijuana, scales, cash and a second gun. Both Lisa and Mark provided the officers with statements.
The trial court overruled the motion to suppress on June 26, 1998. In its decision, the trial court found that the knock and announce rule was inapplicable, because "[t]he officers did not use force to gain entry into the house."
The Lewises pled no contest to aggravated possession on October 16, 1998. In a termination entry filed on November 17, 1998, the trial court sentenced the Lewises to two-year terms of incarceration. These sentences have been stayed pending this appeal. The Lewises timely filed their notices of appeal on November 25, 1998, asserting one assignment of error as follows:
 The trial court erred in violation of the Fourth Amendment when it denied Appellants' suppression motions, because the police officers violated the knock-and-announce provisions when they executed the search warrant.
In their sole assignment of error, the Lewises argue that the officers violated their Fourth Amendment rights during the execution of the search warrant by not complying with Ohio's knock and announce rule in the absence of exigent circumstances.
We do not agree. We find that the knock and announce provisions are only applicable where a forcible, unauthorized entry is necessary, which is not the case in the instant matter.
The Fourth Amendment to the United States Constitution requires that law enforcement officers execute search warrants in a reasonable manner. R.C. 2935.12 codifies the common law "knock and announce" rule prohibiting unannounced, forcible intrusions into a dwelling:
 When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance, but the law enforcement officer or other authorized individual executing a search warrant shall not enter a house or building not described in the warrant.
As the Eleventh District Court of Appeals stated in State v.Campana (1996), 112 Ohio App.3d 297, 302, R.C. 2935.12 only applies where there is a forced entry by an officer. See alsoState v. Baker (1993), 87 Ohio App.3d 186; State v. Davis (1992),80 Ohio App.3d 277; State v. Applebury (1987), 34 Ohio App.3d 376. In Campana, police officers knocked on an unlocked door that was ajar, then proceeded to walk into the room. The Court found that since no violent forcible entry occurred, R.C. 2935.12 did not apply. Id.
This interpretation of R.C. 2935.12 is consistent with the interpretation federal caselaw has given 18 U.S.C. § 3109. Under federal law, § 3109 mirrors R.C. 2935.12:
 The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance * * *.
The Sixth Circuit has held that a reasonable and valid search resulted from narcotics agents having entered through an open door into defendant's apartment without invitation and without stating their purpose. United States v. Williams (C.A.6, 1965),35 F.2d 475. See also United States v. Remigio (C.A.10, 1985),767 F.2d 730 (entry lawful where agents entered open door as shouted "Police" and "FBI", and where defendants observed law agents prior to their entering the house).
Furthermore, in Leahy v. United States (C.A.9, 1959),272 F.2d 487, the court found that the knock and announce rule of § 3109 did not apply when a Revenue Agent with a warrant gained entrance to the defendant's home by stating that he was an agent from the county assessor's office. It was not until the agent was inside that he announced his true identity and purpose. Id.
Similarly, the United States Supreme Court noted that entries to premises by ruse have been seen as not involving a "breaking" under § 3109. Sabbath v. United States (1968), 391 U.S. 585, 590, n. 7.
In the instant case, there was no forcible entry and no violence was used. Detective Tullis had a conversation with Lisa and asked to talk with her and Mark inside their house. Although he did not disclose that he had a search warrant for their residence, she led Detective Tullis into her house upon his request. At no time did a "breaking" occur under R.C. 2935.12, thus the knock and announce rule did not apply., Appellants' assignment of error is overruled and the trial court's judgment is affirmed.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Todd T. Duwel
John H. Rion
Hon. Patrick J. Foley