JOURNAL ENTRY AND OPINION
Defendant-appellant Arlene Willits appeals from her conviction in the Parma Municipal Court following a jury trial for contributing to the delinquency of a minor, inciting to violence and two assaults on Kmart security guards. A resisting arrest charge was dismissed. Defendant contends her conduct was justifiable given the circumstances and the trial court failed to follow appropriate sentencing considerations. We affirm the convictions, but remand for resentencing.
This case arose out of the apprehension of a fourteen-year-old female who had shoplifted a purse and other small items from a Kmart in Seven Hills while she was in the store with her fifty-eight-year-old grandmother, the defendant. The Kmart security personnel, Darlene DeBolt and Robert Buzash, detected the granddaughter shoplifting and followed her out of the store after she failed to pay for the goods. They stopped her in the parking lot and asked her to return the merchandise, which she did. After the juvenile gave DeBolt the merchandise, DeBolt then told her that she needed the juvenile to come back into the store with her. However, the juvenile refused and started "flailing around" violently until Mr. Buzash was able to put her hands behind her back and handcuff her. Defendant immediately began yelling and screaming at DeBolt and Buzash to "leave her alone, you can't do anything to her, I'll sue you." They then took the juvenile, without her grandmother, into the store's closed and secured loss control office for interrogation by store security and held her for the Seven Hills police. The defendant grandmother closely followed and complained bitterly about this treatment and demanded access to the room. However, store security refused to allow the defendant entrance into the closed loss control office. Defendant came to the locked door and began "banging and kicking" it while yelling and calling the security officers vulgar names. The door "sounded like it was coming off the hinges." Eventually, defendant was able to open the door and entered the room swinging. She swung repeatedly at the security officers striking them several times. In the course of this episode, the juvenile, although handcuffed, leaped up and bit DeBolt on the shoulder requiring medical attention. The security officers protected themselves and attempted to physically restrain defendant. Eventually, defendant "dropped to the ground" in protest and refused to leave the room. The Seven Hills police soon arrived on the scene and restored order.
Officer Lowell Dimoff of the Seven Hills Police Department testified that when he arrived at the scene he observed that defendant "was rather upset. She was combative, verbally abusive to everybody around." He further testified that defendant "kept attempting to come back in to the office where we were questioning her granddaughter" and several times they had to ask her to leave the office.
Officer Gary Juresko of the Seven Hills Police Department testified that when he arrived at the store with Officer Dimoff, he observed that the defendant was "visibly upset" and demanded the release of her granddaughter. He testified that "[s]he was trying to enter the security office" and she "was told numerous times to leave and wait outside." She was "[s]creaming at the personnel to let her granddaughter go, and take those handcuffs off her."
As a result of this altercation, defendant was charged with assault, resisting arrest (dismissed at trial), contributing to the delinquency of a minor and inciting to violence, on which the jury found her guilty. The essence of defendant's appeal is that the security officers and Seven Hills police acted in an unnecessary, heavy-handed and illegal way in conducting the juvenile's detention and interrogation and that the grandmother was justified in trying to protect her granddaughter from such improper conduct. Appellee has not filed a brief herein.
We will address the assignments of error in the order presented and together where appropriate.
 I. IT WAS ILLEGAL FOR STORE SECURITY AND MUNICIPAL POLICE TO APPREHEND, TAKE INTO CUSTODY, AND/OR DETAIN THE JUVENILE GRANDDAUGHTER AND KEEP HER GRANDMOTHER WHO WAS PRESENT AWAY FROM HER DURING SUCH APPREHENSION, TAKING INTO CUSTODY, AND/OR DETENTION.
 II. IT WAS ERROR FOR THE TRIAL COURT TO OVERRULE DEFENDANT-APPELLANT'S RULE 29 MOTION AS TO ALL COUNTS WHERE HER CONDUCT WAS REASONABLE AND JUSTIFIABLE UNDER ALL THE CIRCUMSTANCES PARTICULARLY THE FAILURE OF THE AUTHORITIES TO RELEASE HER GRANDDAUGHTER TO HER WITH ALL REASONABLE SPEED AND TO REMOVE HER GRANDDAUGHTER AWAY FROM HER AND LOCK HER IN A SECURE ROOM WITH STORE SECURITY AND MUNICIPAL POLICE PRESENT WHILE BEING INTERROGATED.
Defendant contends that Ohio statutes required the store security personnel and Seven Hills police to release a juvenile to her guardian with "all reasonable speed" and that justified the grandmother's forceful intervention under the circumstances. Defendant relies on R.C. 2151.31 and 2151.311. R.C. 2151.311
provides as follows:
 (A) A person taking a child into custody shall, with all reasonable speed and in accordance with division (C) of this section, either:
 (1) Release the child to the child's parents, guardian, or other custodian, unless the child's detention or shelter care appears to be warranted or required as provided in section 2151.31 of the Revised Code;
* * *
 (C)(1) Before taking any action required by division (A) of this section, a person taking a child into custody may hold the child for processing purposes in a county, multicounty, or municipal jail or workhouse, or other place where an adult convicted of crime, under arrest, or charged with crime is held for either of the following periods of time:
 (a) For a period not to exceed six hours, if all of the following apply:
 (i) The child is alleged to be a delinquent child for the commission of an act that would be a felony if committed by an adult;
* * *
 (B) For a period not to exceed three hours, if all of the following apply:
 (i) The child is alleged to be a delinquent child for the commission of an act that would be a misdemeanor if committed by an adult or is alleged to be an unruly child or a juvenile traffic offender;
* * *
For several reasons, we find this statute has no application to the present case.
First, when making her Crim.R. 29(A) motion for acquittal at trial, the defendant did not call the trial court's attention to the above statute. It is a fundamental rule of appellate review that a party has waived the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below. State v. Self (1990), 56 Ohio St.3d 73, 81; State v.Awen (1986), 22 Ohio St.3d 120, 123.
 A court may only prevent or correct potential errors when they are timely brought to the court's attention. A defendant should not be permitted to benefit from an alleged error by waiting to raise the objection until there is no opportunity for the trial court to correct it.
State v. Williams (Dec. 3, 1996), Richland App. No. 95 CA 93, unreported.
In the instant case, defendant failed to assert the applicability of R.C. 2151.311 in her motion for acquittal. Accordingly, we are not obligated to review this issue as she has waived it on appeal.
Secondly, even assuming arguendo that this statute is applicable to the facts at hand, the record clearly reflects that there was no violation of the statute. Officer Dimoff of the Seven Hills Police Department testified that he arrived at the Kmart store at approximately 2:30 p.m. in response to a call that Kmart had a shoplifter in custody. Several witnesses testified that the police officers arrived approximately five — ten minutes after the juvenile was taken into custody by the Kmart security officers. Furthermore, the Seven Hills Police Department report completed by Officer Dimoff dated May 8, 1998 states that the juvenile was placed under arrest at the scene, placed in handcuffs, and transported to the station. This report further states that the juvenile was released to her grandmother at 3:20 p.m.
Defendant asserts that the acts of physically keeping the defendant away from the juvenile and failing to immediately release the juvenile to her grandmother constitute a violation of R.C. 2151.311. However, this statute clearly allows for the custody and detention of a juvenile shoplifter as long as he or she is released to a guardian within "all reasonable speed." We find that the custody and detention of the fourteen-year-old juvenile shoplifter for a period of approximately one hour clearly was not a violation of this statute.
In addition, the trial court did not err in overruling her Crim.R. 29(A) motion for acquittal. Defendant asserts that her Crim.R. 29(A) motion should have been granted because her conduct was justified by the Kmart security officers' and the Seven Hills police officers' disregard for the statutory mandates of R.C.2151.311. Defendant relies on State v. Campana (1996), 112 Ohio App.3d 297
and State v. Maynard (1996), 110 Ohio App.3d 6, to support her assertion that there was no criminal liability because her conduct was reasonable and justified. We find that these cases do not exonerate the defendant from her conduct herein. In both of these cases, the trial court held that in order for a person to be convicted of resisting arrest, the actual arrest must be lawful. However, in the instant case, the record reflects that defendant's resisting arrest charge was dismissed as a matter of law. Having already found no violation of R.C. 2151.311 by the security or police officers, defendant's criminal conduct was clearly not reasonable or justified.
Defendant's Assignments of Error I and II are overruled.
 III. THE TRIAL COURT'S LANGUAGE AT SENTENCING CLEARLY SHOWS NO REASONABLE APPLICATION OF THE SENTENCING CONSIDERATIONS WHICH ARE SET FORTH IN SECTION 2929.22, OHIO REVISED CODE, AND GIVES BASIS TO PERSONAL FEELINGS AND MATTER OUTSIDE THE SCOPE OF THE SENTENCING STATUTE.
Defendant asserts that the trial court did not properly consider the specific sentencing criteria of R.C. 2929.22. Defendant further asserts that the trial court's statements reflect that it considered factors outside of this section when imposing her sentence.
In the instant case, the trial court sentenced the defendant to 180 days actual incarceration on each of the four offenses to be served concurrently and a fine of $250 on each offense suspended. The four offenses of which defendant was convicted were all misdemeanors of the first degree. Pursuant to R.C. 2929.21(B)(1), the term of imprisonment for a misdemeanor of the first degree shall not exceed six months (180 days).
R.C. 2929.22 governs sentences for misdemeanors. A misdemeanor sentence that falls within the statutory guidelines of R.C.2929.22 will not be disturbed on appeal absent an abuse of discretion. State v. Keaton (1996), 113 Ohio App.3d 696, 707-708. An abuse of discretion connotes more than an error of law judgment, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151.
In State v. Overholt (Aug. 18, 1999), Medina App. No. 2905-M, unreported, the court recently stated:
 * * * Although R.C. 2929.14(B) requires a trial court to state findings for the record in the course of felony sentencing, R.C. 2929.22 does not impose a similar requirement for misdemeanor sentencing. See State v. Sheppard (May 19, 1999), Ashland App. No. 98-COA-12378, unreported, 1999 Ohio App. LEXIS 2364 at *2-3. When the sentence imposed is within the statutory limits, the trial court is presumed to have considered the required factors absent a demonstration to the contrary by the defendant. State v. Keaton, 113 Ohio App.3d at 707-08, 681 N.E.2d 1375.
Recently, this Court in Strongsville v. Cheriki (Mar. 4, 1999), Cuyahoga App. No. 73800, unreported, similarly stated:
 It is well established that a trial court has broad discretion in imposing sentence on a defendant. Columbus v. Jones (1987), 39 Ohio App.3d 87. The legislature enacted R.C. 2929.22 in an attempt to regulate the trial court's broad discretion in sentencing criminal defendants. State v. Stevens
(1992), 78 Ohio App.3d 847, 851. The statutory criteria of R.C. 2929.22 do not control the trial court's discretion; rather, the criteria provides a guide in exercising sentencing discretion. State v. Wagner (1992), 80 Ohio App.3d 88.
 "Failure to consider these criteria constitutes an abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 * * * absent a showing to the contrary." Id. at 95-96. See, also, Cleveland v. Buckley (1990), 67 Ohio App.3d 799. Therefore, since defendant-appellant's sentence was within the statutory limits, the burden is on defendant-appellant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. State v. Keaton (1996), 113 Ohio App.3d 696; State v. Cyrus (1992), 63 Ohio St.3d 164.
We find that although the trial court engaged in some speculation as to the societal ills that led to these offenses, we cannot say that the trial court abused its discretion in the imposition of defendant's sentences. Defendant's sentences were within the statutory limits of R.C. 2929.21(B)(1) and there is nothing in the record to rebut the presumption that the trial court considered the sentencing criteria of R.C. 2929.22. Furthermore, the trial court clearly expressed on the record that it had "considered the criteria for sentencing pursuant to2929.22 of the Ohio Revised Code."
However, regardless of the presumption that the trial court considered the required sentencing factors, we find that the trial court failed to justify on the record its decision to impose both a fine and imprisonment for these misdemeanor offenses. R.C. 2929.22(E) states:
 The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
R.C. 2929.22(E) and (F) place an affirmative duty upon a trial court to justify its decision to impose both a fine and imprisonment for a misdemeanor. State v. Polick (1995), 101 Ohio App.3d 428,432. This statute demonstrates a predisposition against both fines and imprisonment for misdemeanors. The record in this case is devoid of any evidence to suggest that the trial court applied the factors set forth in R.C. 2929.22(E) in imposing both a fine and a sentence of incarceration. We cannot say, based on this silent record, that the trial court proceeded correctly. Therefore, the trial court failed in its duty to sufficiently justify its decision on the record. See Polick,supra; State v. Sheppard (May 19, 1999), Ashland App. No. 98-COA-01278, unreported; State v. Giannini (Dec. 11, 1998), Mahoning App. No. 97 CA 254, unreported.
Defendant's Assignment of Error III is sustained.
Judgement affirmed; remanded for resentencing.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J., and JAMES D. SWEENEY, J., CONCUR.
 ________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE