DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Sandusky County Court of Common Pleas denying the motion to suppress filed by appellant, Damon Scott, arising out of the execution of an "anticipatory search warrant," on June 8, 2000. For the reasons that follow, we affirm the decision of the trial court.
On July 6, 2000, appellant was indicted on five counts of trafficking in cocaine, occurring on April 9, 10, and 12, 2000, May 2, 2000, and June 8, 2000. Appellant was also indicted on one count of possession of drugs, occurring on June 8, 2000. On August 10, 2000, the trial court held a hearing on appellant's motion to suppress. The trial court denied appellant's motion. On August 25, 2000, appellant pled guilty to two counts of trafficking in crack cocaine, in violation of R.C. 2925.03(A) and (C)(4)(c), a felony of the fourth degree. Appellant also pled no contest to possession of crack cocaine, in violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree. Upon finding appellant guilty, the trial court sentenced appellant to nine months on each of the trafficking convictions and to four years on the possession conviction, all sentences to be served concurrently.
Appellant timely appeals the decision of the trial court and raises the following assignments of error:
"Assignment of Error No. 1
 "The trial court erred in not granting the Defendant's motion to suppress when the police failed to properly knock and announce themselves prior to entry.
"Assignment of Error No. 2
 "The trial court erred by not granting the motion to suppress when the state failed to meet the condition precedent to an anticipatory search warrant."
In his first assignment of error, appellant argues that his arrest was unlawful because the officers failed to follow the "knock-and-announce" requirement, pursuant to R.C. 2935.12, before entering appellant's home workshop. Appellant further argues that the officers failed to demonstrate a particular reason or exigent circumstance to justify immediate entry.
When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness.[1] This court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.[2] Applying those facts, we must then independently determine as a matter of law whether the facts meet the appropriate legal standard.[3]
The "knock-and-announce" rule is codified in R.C. 2935.12(A), which provides for forcible entry in executing a search warrant:
 "(A) * * * when executing a search warrant, * * * the law enforcement officer * * * may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant * * * he is refused admittance, but the law enforcement officer * * * executing a search warrant shall not enter a house or building not described in the warrant."
The statute requires that an officer be either patently or constructively refused entry into a dwelling before forcing entry.[4] However, the requirement need not be strictly followed if exigent circumstances exist, such as imminent destruction of the evidence or peril of great bodily harm to the police officers.[5]
R.C. 2935.12 only applies to entries by violent, forcible action.[6]
Nevertheless, in all instances, an officer must act "reasonably" in executing a search warrant.[7] According to the United States Supreme Court, the Fourth Amendment incorporates the common law principle of "knock-and-announce" prior to entering a residence.[8] Whether an officer is required to announce his presence is a factor to consider in assessing the reasonableness of a search or seizure.[9]
In this case, Detective Anthony Emrich of the City of Fremont Police Department testified that he was the first officer to enter through the front door of the residence when executing the search warrant. He testified that the interior door to the apartment was completely open, but that the storm/screen door was closed. Emrich testified that he could see into the apartment as he stood at the door. According to Emrich, he knocked on the door and he and several of the other officers present yelled, "Police, search warrant." Upon so doing, Emrich testified that he saw appellant "peek around the corner, look and then [go] back in towards the living room area." Emrich testified that he did not know what appellant would do, whether he was going for a gun, destroying evidence, or attempting to flee. As such, Emrich immediately entered the premises. Emrich testified that he did not have to use his "hooligan" to enter the apartment because the storm door was not locked. Emrich, and at least one other officer present, wore an "entry vest," which was black with "Police" written on the front and back in large white letters.
Based on the evidence, we find that appellant constructively refused entry by retreating into the apartment after seeing the officers at his door. Moreover, to the extent that appellant argues there were no exigent circumstances present, we find that it is evident, based upon appellant's furtive conduct, that Emrich reasonably believed appellant could have imminently destroyed evidence or placed the officers in peril of great bodily harm. Accordingly, we find that the officers reasonably executed the search warrant. As such, we find that the trial court did not err in denying appellant's motion to suppress on the basis that the officers failed to knock and announce themselves. Appellant's first assignment of error is therefore found not well-taken.
Appellant argues in his second assignment of error that the trial court erred by not granting the motion to suppress when the state failed to meet the condition precedent to an anticipatory search warrant. Specifically, the search warrant stated that prior to officers being permitted to execute the search warrant, the following condition precedent must be satisfied: "a person(s) present at 1554 Dickinson St., Apt #C Fremont, Ohio sells crack cocaine to a confidential informant * * *." There is no issue that a confidential informant bought a substance alleged to be crack cocaine from appellant. Rather, appellant argues that the officers were required to have the alleged crack cocaine analyzed by a laboratory, pursuant to R.C. 2925.51, before the condition precedent would be considered satisfied.
We find R.C. 2925.51 to be inapplicable under these circumstances. R.C. 2925.51 sets forth the manner in which controlled substances must be analyzed, identified, and weighed for purposes of "any criminal prosecution." Nothing in the search warrant required such rigorous testing to satisfy the condition precedent. Search warrants only require a finding that there be a "fair probability" of the presence of contraband or evidence of a crime.[10] Whereas, criminal prosecutions require that the evidence prove guilt beyond a reasonable doubt.
As such, we find that the "presumptive test" conducted in the field, indicating that the substance was crack cocaine, along with the experienced officer's visual identification of the substance as crack cocaine, indicate that there was a fair probability that the substance was cocaine. Hence, we find that the condition precedent in this case was satisfied. Accordingly, we find that the trial court did not err is denying appellant's motion to suppress on this basis. Appellant's second assignment of error is therefore found not well-taken.
On consideration whereof, we find that the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
James R. Sherck, J., Richard W. Knepper, J.,Mark L. Pietrykowski,P.J., CONCUR.
[1] State v. Smith (1997), 80 Ohio St.3d 89, 105; State v. Fanning
(1982), 1 Ohio St.3d 19, 20.
[2] State v. Davis (1999), 133 Ohio App.3d 114, 117.
[3] State v. Klein (1991), 73 Ohio App.3d 486, 488.
[4] See State v. Roper (1985), 27 Ohio App.3d 212, 214.
[5] Id.; State v. Defiore (1979), 64 Ohio App.2d 115.
[6] State v. Campana (1996), 112 Ohio App.3d 297, 302; State v. Baker
(1993), 87 Ohio App.3d 186, 193; State v. Davis (1992),80 Ohio App.3d 277, 287.
[7] Campana, supra at 302.
[8] Wilson v. Arkansas (1995), 514 U.S. 927.
[9] Id. See, also, Campana, supra at 302.
[10] State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus.