City of Kent, Appellee, *v.* Kelley, Appellant.

(No. 74-1033—Decided November 12, 1975.)

44

*Mr. Robert W. Hart,* director of law, and *Mr. Robert J. Paoloni,* for appellee.

*Mr. William T. Whitaker, Mr. Albert S. Rakas* and *Mr. Dana F. Castle,* for appellant.

*Per Curiam.* The Court of Appeals said that, by reason of the remand from the United States Supreme Court, "the basic question for consideration [by it] is to determine under what condition a person may be punished under" the Kent ordinance "for willfully speaking in a noisy, boisterous or other disorderly manner so as to disturb the good order and quiet of the municipality." The Court of Appeals found that the language used by defendant fell within the framework of *Cincinnati* v. *Karlan, supra,* which holds that "epithets, used in a public place and willfully directed at those who can hear them, [which] are likely to provoke the average person to an immediate retaliatory breach of the peace, * * * are fighting words, and the utterance thereof may be punished as a criminal act."

However, the words used by defendant in this case were not descriptive of a particular person and directed to that person. They were not "epithets likely to provoke the average person to retaliation," as, for instance, the words used in *Chaplinsky* v. *New Hampshire* (1942), 315 U. S. 568. In the context of their use by defendant, his words

did not constitute "fighting words," and their utterance cannot be made a crime. *Chaplinsky* v. *New Hampshire, supra; Cantwell* v. *Connecticut* (1940), 310 U. S. 296; *Lewis* v. *New Orleans, supra; Gooding* v. *Wilson* (1972), 405 U. S. 518.

Because the words used by defendant were not, under the facts shown by the record, fighting words, their utterance was not a violation of the Kent ordinance involved here. Therefore, the question of the constitutionality of that ordinance need not be reached by this court. *State* v. *Western Union Telegraph Co.* (1951), 154 Ohio St. 511.

Accordingly, the judgment of the Court of Appeals, upholding the conviction of defendant for disorderly conduct, is reversed, and the defendant is ordered discharged.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.