THE STATE OF OHIO, APPELLEE, *v.*
WYLIE, APPELLANT.

(No. 47738 — Decided
July 9, 1984.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Carl J. Character,* for appellant.

PRYATEL, J. Defendant, Rhonda Wylie, was adjudged by the juvenile court to be a delinquent child in violation of R.C. 2917.11(A)(2).[1] We reverse.

On March 1, 1982 a complaint was filed in the juvenile court stating that defendant was a delinquent child.[2] The matter was heard by a referee who recommended that defendant be found delinquent. Defendant objected, but the court accepted the recommendation and adjudged defendant delinquent.

At the time of hearing the state moved to amend the complaint to allege disorderly conduct as opposed to menacing which had originally been charged. This motion was granted. Lynette Redman testified that she was employed as a sales clerk at the May Company department store at Southgate Mall on February 20, 1982. On that day four young girls came to her department seeking to exchange merchandise. Redman was standing at her own service terminal while another clerk, Dorothy Perchinski, dealt with the girls. The girls were explained May Company's refund policy that they would be mailed a check for the amount of the returned items. The girls became upset and stated that they were not going to let May Company cheat them out of their money. Redman testified that one of the girls, whom she identified as Ytina Wylie, told Perchinski to "give me my god damn bag you f------ bitch." The girls then left that area of the store. The department manager was called and the clerks were instructed to call store security if the girls returned. The girls did come back and security was called.

Dorothy Perchinski testified that she was a sales clerk at May Company at Southgate on February 20, 1982. She stated that she was approving the return of merchandise and explaining the store policy to the four girls when they accused May Company of cheating them. She (Perchinski) *did not remember* what the defendant said to her.

Donna Kaczmarek, a May Company security officer, testified that she responded to the call for security with James Pich. She stated that when they arrived at the budget department, Perchinski was not there, but that Pich

---

[1] R.C. 2917.11(A)(2) reads:

"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

"* * *

"(2) Making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person;"

[2] A complaint was also filed against Ytina Wylie, but was dismissed during the hearing.

spoke with Redman while she (Kaczmarek) followed the girls around the store. The girls were laughing and talking as Kaczmarek follow꜀ꜜ them. Pich then joined Kaczmarek and they arrested the girls who were taken to the security office for questioning. Kaczmarek stated that she heard the girls swearing at Pich while he was questioning them. The parents were called and the girls were released to their custody.

James Pich testified that he was called to the budget store area and when he arrived, he saw four girls arguing with Redman and another clerk, Felicia Cummings. Perchinski was present when he came, but soon went on break. Pich heard one girl, whom he identified as defendant Rhonda Wylie, say to *Redman* "give me that god damn bag you f------bitch." The girls left and began walking around the store while Pich spoke with the sales clerks. Pich and Kaczmarek arrested the four girls for disorderly conduct and took them to the security office for questioning. During questioning defendant stated that she was the "god damn senior" and would do the talking for her and her sister. The girls continued being abusive and defendant repeatedly said "what the f--- am I being detained for." While Pich was typing his report he heard Rhonda Wylie say that they were going to come back and "kill" the clerk.

Defendant moved for acquittal at the close of the state's case, which motion was overruled as to the defendant.[3]

Ytina Wylie testified that neither she nor her sister swore at either Perchinski or Redman. Additionally, she stated that neither she nor Rhonda swore at the security guards.

Defendant Rhonda Wylie testified that she did not use profanity when speaking to the clerks. She also denied swearing at the security officers.

Defendant renewed her motion for acquittal which the referee denied. The referee's report was accepted by the court and defendant was adjudged a delinquent child. Defendant appeals citing two assignments of error.

Assignment of Error No. I

"I. Appellant's conviction under Ohio Revised Code 2917.11(A)(2) was contrary to the manifest weight of the evidence."

Appellant's contention is well-taken with respect to the alleged statement directed to Perchinski. The record indicates that the court confined its decision to the profanity allegedly used by appellant.[4] A review of the evidence reveals statements by the state's witnesses that are at variance and inconsistent with each other and therefore will not support a finding beyond a reasonable doubt.

Redman identified Ytina Wylie as the girl who swore and was abusive. However, she indicated that the remarks were directed to Perchinski and that security officers Kaczmarek and Pich had not even been summoned at the time. Redman testified that she told Pich what had been said to Perchinski. Perchinski did not even remember what the girl had said to her. Kaczmarek testified that she went to the budget store area with Pich and that they could not hear what was being said. She also testified that Perchinski was not present when they arrived.

Nevertheless, Pich, another state's witness, testified that he heard ap-

---

[3] This motion was granted with respect to Ytina Wylie.

[4] This is further evidenced by the prosecutor's motion to amend the complaint to charge disorderly conduct as opposed to menacing which had been based on the alleged threat made against Perchinski who was not present when it was made.

pellant swear at Redman, telling her to "give me that god damn bag you f------bitch." Furthermore, Pich testified, contrary to the other state's witnesses, that Perchinski was present when he arrived.

We find this evidence subject to serious doubt. The witnesses differ as to which person made the alleged statement, to whom it was addressed and who was present at the time it was made.

R.C. 2901.05(A)[5] requires the state to prove all the elements of an offense beyond a reasonable doubt. "Proof beyond a reasonable doubt" is defined in R.C. 2901.05(D) as "proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." Based upon the inconsistent testimony of the state's own witnesses, we hold that the state failed to meet its burden of proof and that the verdict is against the manifest weight of the evidence with respect to that statement alleged to have been made to Perchinski, who could not remember what was said.

Accordingly, appellant's first assignment of error is sustained.

### Assignment of Error No. II

"II. The trial court erred in convicting appellant under Ohio Revised Code 2917.11(A)(2) because appellant's language did not amount to 'obscenity' or 'fighting words' and her language was therefore protected under the First and Fourteenth Amendments to the United States Constitution."

In order to support a conviction for disorderly conduct pursuant to R.C. 2917.11(A)(2), the words spoken must be the equivalent of "fighting words."

*State* v. *Hoffman* (1970), 57 Ohio St. 2d 129 [11 O.O.3d 298]; *Springdale* v. *Hubbard* (1977), 52 Ohio App. 2d 255 [6 O.O.3d 257]. *Chaplinsky* v. *New Hampshire* (1942), 315 U.S. 568; *Gooding* v. *Wilson* (1972), 405 U.S. 518. "Fighting words" are those that are likely, by their very utterance, to inflict injury or provoke the average person to an immediate breach of the peace. *Hoffman, supra; Cincinnati* v. *Karlan* (1974), 39 Ohio St. 2d 107 [68 O.O.2d 62]; *Chaplinsky, supra.*

As we noted above, the evidence does not support a finding that appellant made the statement "give me that god damn bag you f------ bitch." Hence, we need not determine whether those are fighting words. Moreover, the conviction cannot be founded on the words "what the f--- am I being detained for" or "I am the god damn senior" allegedly spoken to Pich since they are not descriptive of nor directed to a particular person and, therefore, are not fighting words. *Kent* v. *Kelley* (1975), 44 Ohio St. 2d 43 [73 O.O.2d 230]. In *Kent, supra,* the defendant, who was charged under a similar Kent city ordinance, made the statements "stay away from the f------door" and "get the f--- out of here." The court held that such statements were protected under the First Amendment.

Likewise, we hold that those statements allegedly made by appellant were constitutionally protected. While we do not condone the use of profanity, we cannot find that these words would cause the average person to breach the peace in view of the decisions on similar language.

Accordingly, we sustain appellant's second assignment of error.

---

[5] R.C. 2901.05(A) pertinently reads:

"(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. * * *"

Judgment is reversed and final judgment is entered for appellant.

*Judgment reversed.*

PARRINO, P.J., concurs.

MARKUS, J., concurs in judgment only.