The STATE of Ohio [City of Gallipolis], Appellant,

v.

LAMM, Appellee.

[Cite as *State v. Lamm* (1992), 80 Ohio App.3d 510.]

Court of Appeals of Ohio,
Gallia County.

No. 91CA30.

Decided June 3, 1992.

*Douglas M. Cowles*, Gallipolis City Solicitor, for appellant.

*Dennis P. Evans*, for appellee.

Stephenson, Presiding Judge.

This is an appeal by the state from a judgment of the Gallipolis Municipal Court granting in part defendant-appellee Donald Keith Lamm's motion to suppress. Appellant assigns the following errors for our review:

### Assignment of Error No. 1

"The trial court erred in finding there is no probable cause for defendant's arrest for disorderly conduct."

### Assignment of Error No. 2

"The court erred in finding that because there was no probable cause for the disorderly conduct that there was no probable cause on the resisting arrest, menacing or assault charge."

A review of the record reveals the following facts pertinent to this appeal. On the late evening of January 29, 1991, Patrolman Greg Frazier of the Gallipolis Police Department and Officer Burton of the Gallia County Sheriff's Department were on routine patrol in Gallipolis. Frazier testified he saw appellee's vehicle approaching them at a high rate of speed. Entering a curve, appellee's car first slid to the right and then went left of center, narrowly missing the officers' patrol car. The officers quickly turned their vehicle around and began pursuit of appellee. The officers briefly lost sight of appellee, but received a radio message which led them to appellee's car where it was parked in the driveway of his mother's house. Appellee was no longer in the car.

Upon arrival, Frazier approached the vehicle and began taking down the temporary tag number. Appellee then appeared from the side of the house and approached Frazier, yelling and cussing at him. Several people emerged from neighboring houses to see what was going on.

After being warned to calm down, appellee continued to yell and cuss at Frazier. Appellee was then arrested for disorderly conduct. It is apparent from the record that appellee was also later charged with resisting arrest, assault, aggravated menacing, fleeing and eluding, OMVI, driving without an operator's license and reckless operation. All of the above offenses were charged as violations of Gallipolis City Ordinances.

On July 9, 1991, appellee filed a motion to suppress "any and all evidence obtained in violation of the Fourth Amendment as made applicable to the states by the Fourteenth Amendment to the United States Constitution and by the Constitution of Ohio, Article I, Section 14." In the accompanying memorandum of law, appellee contended all charges against him should be dismissed as the arresting officer did not have probable cause to believe appellee

had committed any offense. At the September 24, 1991 hearing on appellee's motion, both sides adduced testimony. At the close of the hearing, and by judgment entry dated September 25, 1991, the court granted appellee's motion to suppress any evidence pertaining to the disorderly conduct, resisting arrest, assault and aggravated menacing charges. The court found that probable cause existed for the four traffic offenses. The state filed a timely notice of appeal and certification. See Crim.R. 12(J).

In its first assignment of error, appellant contends the court erred in finding there was no probable cause for defendant-appellee's arrest for disorderly conduct. Appellant argues the test is an objective one: "whether a reasonable officer would have been provoked to want to respond violently to Defendant's language and conduct." Appellant further maintains that, employing this objective test, Frazier's testimony clearly established probable cause for appellee's arrest for disorderly conduct.

Appellee agrees that the test is an objective one, but notes that appellant does not assert that the trial court abandoned the objective test in making its ruling. Appellee maintains the trial court was justified in concluding that appellee did not use "fighting words" and therefore that there was no probable cause for arrest for disorderly conduct.

Appellee was charged with a violation of Gallipolis City Ordinance 509.03[1] which provides:

"(a) No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following:

" * * *

"(5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender."

A person may not be punished for speaking boisterous, rude or insulting words, even with the intent to annoy another, unless the words by their very utterance inflict injury or are likely to provoke the average person to an immediate retaliatory breach of the peace. *Cincinnati v. Karlan* (1974), 39 Ohio St.2d 107, 110, 68 O.O.2d 62, 64, 314 N.E.2d 162, 164; *State v. Hoffman* (1979), 57 Ohio St.2d 129, 11 O.O.3d 298, 387 N.E.2d 239. See, also, *Chaplinsky v. New Hampshire* (1942), 315 U.S. 568, 573, 62 S.Ct. 766, 770, 86 L.Ed. 1031, 1036. That is, the words spoken must be "fighting words." *State v. Wylie* (1984), 19 Ohio App.3d 180, 19 OBR 287, 482 N.E.2d 1301.

---

**1.** The offense charged in Gallipolis City Ordinance 509.03(a)(5) is identical to R.C. 2917.-11(A)(5).

■ At the suppression hearing, Officer Frazier testified that appellee was "shouting the entire time." Appellee said to Frazier: (1) "what the hell do you think you're doing?"; (2) "go ahead, tow the motherfucker" (referring to appellee's vehicle); and (3) "look at the motherfucker" (referring to the temporary tags on his vehicle). Frazier further testified that "he [appellee] started motherfucking me."

Upon cross-examination, Frazier testified as follows:

"Q. At no time during this entire night did you, none of what Keith said moved you to fight did it?

"A. It wasn't what he said that would, would cause an altercation, it was his resistance after the point of arrest.

"Q. Well, we're not here about what happened after the arrest. What I'm asking you is based on your training and experience as a police officer. What Keith Lamm was saying to you really did not upset you at all did it?

"A. I've been called those names before sir.

"Q. Okay. And it's something that you just let it roll off your back, you just go along, you just go do your job, isn't that correct?

"A. I usually make an arrest in those events, but yes, that, that doesn't bother me. I don't lose any sleep over it."

Finally, on re-direct, Frazier testified:

"Q. Did you feel that there was physically offensive, presented a risk of physical harm?

"A. If it had continued certainly. It was certainly offensive and I'm certain that someone would have eventually you know, taken some action."

While we do not condone the use of profanity or disrespect towards police officers, we are persuaded that the evidence presented failed to establish that the words uttered by appellee were likely to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. Furthermore, there was no evidence that the people gathered outside were alarmed, annoyed or inconvenienced by appellee's conduct. Accordingly, the trial court did not err in its finding that there was no probable cause for appellee's arrest for disorderly conduct. Appellant's first assignment of error is overruled.

In its second assignment of error, appellant contends the court erred in finding that because there was no probable cause for appellee's arrest for disorderly conduct, there was no probable cause on the resisting arrest, aggravated menacing and assault charges which arose after the disorderly conduct arrest. Appellant, relying on *Coffel v. Taylor* (S.D.Ohio 1978), 8

O.O.3d 253, appears to argue that appellee need not be proved guilty of disorderly conduct to establish that appellee resisted a lawful arrest.

 Appellee concedes this fact, but maintains that the arrest itself must still be lawful. As there was no probable cause for arrest, appellee argues, the arrest was unlawful. Therefore, there could be no resisting arrest offense charged, as that crime includes, as an essential element, a lawful arrest.[2] We agree.

Appellee was charged with resisting arrest in violation of Gallipolis City Ordinance 525.09:

"(a) No person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another."[3]

Because the element of a "lawful arrest" is part of the plain language of the statute, the ordinance only prohibits the resisting of a lawful arrest. *Hoover v. Garfield Hts. Mun. Court* (C.A. 6, 1986), 802 F.2d 168, 174; *State v. Johnson* (1982), 6 Ohio App.3d 56, 6 OBR 268, 453 N.E.2d 1101; *State v. McCrone* (1989), 63 Ohio App.3d 831, 580 N.E.2d 468.

In *Columbus v. Fraley* (1975), 41 Ohio St.2d 173, 70 O.O.2d 335, 324 N.E.2d 735, the Supreme Court held in paragraph three of the syllabus:

"In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances."

However, in *Fraley,* the court construed Columbus City Code 2355.01, which does not contain "lawful arrest" as an element of the offense. Therefore, the holding in *Fraley* does not control in the case *sub judice. Johnson* and *McCrone, supra; State v. Parks* (Sept. 3, 1987), Ross App. No. 1306, unreported, 1987 WL 16567.

 In the case at bar, as we determined under our discussion of appellant's first assignment of error, appellee's arrest was not lawful because an average person would not have been provoked by appellee's language to respond violently. That is, appellee's arrest was made without probable cause, and was therefore illegal. Absent a legal arrest, appellee cannot be

---

**2.** While appellant contends in its second assignment of error that the court erred in suppressing evidence relating to the disorderly conduct, menacing and assault charges, its brief addresses solely the charge of resisting arrest. Errors not specifically pointed out in the record and separately argued by brief may be disregarded. App.R. 12(A).

**3.** The offense charged in Gallipolis City Ordinance 525.09 is identical to R.C. 2921.33.

charged with resisting arrest. Accordingly, appellant's second assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GREY and PETER B. ABELE, JJ., concur.