Plaintiff-appellant, the city of Hamilton ("the city"), appeals a decision of the Hamilton Municipal Court granting the motion to dismiss of defendant-appellee, Jason Hall.
On April 23, 1996, at about 12:30 a.m., Hamilton Police Officer Mark Hayes received a radio dispatch that a man was looking into cars in the 800 block of Campbell Avenue in Hamilton. Upon arriving at the location, Hayes found a man wearing a red shirt and sitting in a white Geo Metro who, upon seeing Hayes, took off running. Hayes chased the suspect across the street, through several yards, over a chain link fence, and through an alley between Campbell Avenue and Dayton Street. As the suspect was trying to scale a seven foot tall solid privacy fence, Hayes grabbed the collar of his shirt. The suspect was, however, successful in getting over the fence, leaving Hayes on the other side still holding onto the shirt. The suspect eventually separated himself from his shirt and ran off. Hayes did not pursue the suspect, but instead located his radio which he had dropped during the chase. Hayes reported over the radio that he was no longer chasing the suspect who was no longer wearing the red shirt, and that the suspect was wearing either no shirt at all of whatever he had on under the red shirt.
As Hayes went up Eighth Street onto Dayton Street, he heard over the radio that a suspect was running from a police officer after seeing the police officer's cruiser at the corner of Ninth and Dayton Streets. Hayes ran to that area and spotted appellee running through a back yard. After appellee changed directions, appellee was "running straight at" Hayes when appellee spotted Hayes about forty feet from him. Hayes and appellee were then face to face. Appellee stopped and started backpedaling, turning his head from side to side as Hayes was approaching him. Hayes told appellee to get on the ground, but appellee instead reached for the door of a residence. Hayes grabbed appellee's right arm, again ordering him to get on the ground but appellee pulled away. Hayes again grabbed appellee and took him to the ground where appellee landed on his back.
As Hayes tried to roll appellee over onto his stomach to handcuff him, appellee kept trying to push Hayes away. Hayes proceeded to hit appellee with his flashlight in the upper arm and shoulder area,[1] while yelling at appellee to get on his stomach. Eventually, with the assistance of another police officer, Hayes was able to turn appellee over onto his stomach and handcuff him. Hayes testified that only then did he realize that appellee was not the suspect he was initially chasing. That suspect, a Scott Guenthnar, was later apprehended and brought back to the scene where Hayes identified him as the suspect he was initially chasing. Hayes testified that upon being handcuffed, appellee told him he was running from the police because he thought he had warrants out for his arrest.[2]
Appellee was subsequently arrested and charged with resisting arrest in violation of Hamilton Codified Ordinance 525.09 and with disorderly conduct in violation of Hamilton Codified Ordinance 509.03 (a)(5),[3] to wit: "[appellee] took off running as a cruiser pulled up. An officer on foot ordered [appellee] to lie down on the ground but he refused to comply." On March 26, 1997, appellee filed a motion to dismiss the charges on the ground that there was no "reasonable articulable suspicion" that criminal activity was afoot or that appellee was engaged in criminal conduct. The trial court granted appellee's motion to dismiss by opinion and entry filed June 25, 1997. This timely appeal follows.
In its sole assignment of error, the city argues that the trial court erred in granting appellee's motion to dismiss. More specifically, the city argues that the charges against appellee were justified, and thus appellee should have been convicted, based on (1) appellee's conduct in attempting to run away upon seeing Hayes, appellee's subsequent violation of Hayes' order to get down on the ground, and his physically resisting arrest and fighting Hayes in the process, and (2) the existence of outstanding bench warrants issued by the trial court for the arrest of appellee. We disagree.
Appellee was charged with disorderly conduct in violation of Hamilton Codified Ordinance 509.03 (a)(5), which provides that "[n]o person shall recklessly cause inconvenience, annoyance or alarm to another by creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property by any act which serves no lawful or reasonable purpose of the offender."
The city argues that aggressive action toward police officers, such as physically resisting arrest and fighting an officer in the process, can support a disorderly conduct conviction. However, the record clearly shows that appellee was charged with disorderly conduct for taking off running as a cruiser pulled up and for refusing to comply with Hayes' order to lie down on the ground, not for struggling with Hayes. The latter was instead the basis for the resisting arrest charge.
In the case at bar, it is undisputed that Hayes observed no crimes committed by appellee prior to pursuing and taking him to the ground. The question before the court is whether appellee's conduct, upon seeing Hayes, and particularly after Hayes ordered him to get on the ground, constitutes disorderly conduct as set forth in Hamilton Codified Ordinance 509.03 (a)(5).
A person may not be arrested without a warrant, but upon probable cause to believe that he has committed a crime. An exception to this rule provides that an officer may approach a person for investigation of a criminal behavior, even though no probable cause for arrest exists, upon a reasonable and articulable suspicion of criminal conduct. See Terry v. Ohio (1968),392 U.S. 1, 88 S.Ct. 1868. The officer must have more than a vague suspicion or "hunch" that criminal activity is afoot. State v. Fincher (1991), 76 Ohio App.3d 721, 726. Furthermore, a person's mere presence in an area of high crime activity does not constitute reasonable suspicion. State v. Jones (1990), 70 Ohio App.3d 554,559. In the case at bar, nothing constituting probable cause was observed by Hayes, except that appellee tried to flee upon seeing Hayes. The attempted flight itself combined with appellee's failure to comply with Hayes' order to get on the ground constitutes the charge.
In order to establish the offense of disorderly conduct, the city must prove beyond a reasonable doubt that appellee acted "recklessly" in his attempted flight and subsequent failure to comply with Hayes' order to get on the ground. See R.C. 2901.05; State v. Reid (Dec. 27, 1993), Warren App. No. CA92-12-105, unreported. That is, Hayes had to believe that appellee's foregoing conduct was recklessly causing inconvenience, annoyance, or alarm to him (Hayes) by creating a condition which was physically offensive to Hayes or which presented a risk of physical harm to Hayes or to property. A person acts recklessly
 when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
R.C. 2901.22(C).
We find that appellee's conduct did not rise to the level of recklessness as required by Hamilton Codified Ordinance505.03(a)-(5). The record is wholly devoid of any indication that appellee acted "with heedless indifference to the consequences" and "perversely disregarded" a known risk. Nor did appellee's conduct, which according to the charge consisted solely of trying to run away from Hayes by backpedaling and failing to comply with Hayes' order to get on the ground,[4]
create a condition which was physically offensive to Hayes or which presented a risk of physical harm to property or Hayes. We thus find that the evidence presented failed to establish any of the elements of disorderly conduct under Hamilton Codified Ordinance 505.03 (a)(5). As a result, there was no probable cause for appellee's arrest for disorderly conduct. Accordingly, the trial court did not err in granting appellee's motion to dismiss the charge of disorderly conduct.
Appellee was also charged with resisting arrest in violation of Hamilton Codified Ordinance 525.09, which provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." (Emphasis added.)
"Because the element of a `lawful arrest' is part of the plain language of the statute, the ordinance only prohibits the resisting of a lawful arrest." State v. Lamm (1992), 80 Ohio App.3d 510,515. In light of our foregoing holding that appellee's initial conduct upon seeing Hayes did not constitute disorderly conduct, and thus that his arrest was not lawful because it was made without probable cause, we find that appellee could not be properly convicted of resisting arrest. "Absent a legal arrest, appellee cannot be charged with resisting arrest." Id.
The city argues, however, that the existence of outstanding bench warrants issued by the trial court for the arrest of appellee on unrelated charges gave Hayes probable cause to arrest appellee, and thus that appellee was properly charged with resisting arrest. We find the city's argument to be meritless and disingenuous. The record unequivocally shows that Hayes was not aware of the existence of the bench warrants until after he handcuffed appellee and appellee told him about them. It is well-established that "[f]acts acquired after the initial stop is made cannot provide justification for the stop itself." (Emphasis sic.) State v. Rhude (1993), 91 Ohio App.3d 623, 625. We therefore find that the trial court did not err in granting appellee's motion to dismiss the resisting arrest charge.
Appellee's sole assignment of error is overruled. Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] While Hayes testified he recalled only hitting appellee in the upper arms and shoulders, appellee suffered a head wound from being struck by the flashlight.
[2] Although Hayes was unable to locate any warrants against appellee that night, three bench warrants for appellee's arrest from the trial court were later confirmed that morning.
[3] The language of Hamilton Codified Ordinance 509.03 (a)(5) and 525.09 is identical to the language of R.C. 2917.11 (A)(5) and2921.33(A) respectively.
[4] As previously noted, appellee's conduct in physically resisting arrest and fighting Hayes in the process was not the basis for the disorderly conduct charge.