OPINION
Appellant Joan G. Houger appeals a judgment of the Canton Municipal Court convicting her of disorderly conduct in violation of Canton City Ordinance Section 509.03:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT, DENIED HER A FAIR TRIAL, AND DEPRIVED HER OF HER DUE PROCESS RIGHTS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FIRST, FOURTH, FIFTH AND THE FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT COMMITTED AN ERROR OF LAW, TO THE PREJUDICE OF THE DEFENDANT, WHEN IT DENIED DEFENDANT'S MOTION TO DISMISS THE CHARGE OF DISORDERLY CONDUCT MADE AT THE END OF THE CITY'S CASE IN CHIEF, AND WHICH MOTION WAS DENIED AGAIN AT THE CONCLUSION OF THE TRIAL.
ASSIGNMENT OF ERROR NO. 3
 THE SENTENCE IMPOSED ON THE DEFENDANT BY THE TRIAL COURT AS A RESULT OF THE VERDICT OF THE JURY FINDING HER GUILTY OF DISORDERLY CONDUCT WAS NOT ONLY EXCESSIVE AND IMPROPER, BUT VOID AS A MATTER OF LAW.
ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT COMMITTED PLAIN ERROR, PREJUDICIAL TO THE ACCUSED, WHEN IT CHOSE TO EMPANEL A JURY TO HEAR AND DECIDE "AN AGGRAVATED DISORDERLY CONDUCT CHARGE, A 4TH DEGREE MISDEMEANOR", FILED BY A CANTON POLICE OFFICER, WHO ADMITTED TO HANDCUFFING THE ACCUSED WITHIN A MINUTE AND A HALF OF HER ARRIVAL AT A STATE OFFICE INTENDING TO OBTAIN AVAILABLE PUBLIC INFORMATION.
ASSIGNMENT OF ERROR NO. 5
 THE DEFENDANT'S CONVICTION FOR DISORDERLY CONDUCT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR NO. 6
 THE TRIAL COURT COMMITTED PLAIN ERROR, PREJUDICIAL TO THE ACCUSED, WHEN IT DENIED THE DEFENDANT'S TIMELY FILED MOTION FOR NEW TRIAL DETAILING JUDICIAL ERRORS MADE BEFORE, DURING AND AFTER JURY VERDICT; SUCH ERRORS INCLUDE:
 ENTERING A JUDGMENT PATENTLY INCONSISTENT WITH THE JURY'S UNANIMOUS VERDICT;
 ENTERING A JUDGMENT WHICH IMPOSED AN EXCESSIVE SENTENCE INCONSISTENT WITH, AND UNAUTHORIZED BY, THE COURT'S CHARGE TO THE JURY; AND
 FAILING TO RESPOND TO DEFENDANT'S TIMELY FILED MOTION TO RELEASE THE DEFENDANT FROM HOUSE ARREST PENDING AN APPEAL.
On December 2, 1999, at 10:00 a.m., appellant's daughter, Jennifer Bodenshot, entered the Bureau of Motor Vehicles (BMV), to attempt to get her driver's license reinstated. An employee of the BMV office told Bodenshot that she needed an insurance document from her insurance agent in Florida in order to get her license reinstated. Bodenshot then left the office, and returned several minutes later with appellant, who was on crutches, due to recent knee surgery.
Appellant immediately approached Sergeant Gordon Runyon, who was working as a security officer in the office. Appellant and her daughter circumvented the sign-in procedure, and came directly to Sergeant Runyon. Appellant began complaining that they were getting the "run around" and needed BMV to take action to help her daughter get her license reinstated. Sergeant Runyon explained to appellant that her daughter had been told that she needed an insurance document from Florida. Appellant became increasingly belligerent, and began screaming that BMV should take care of procuring the document from Florida, as her tax dollars were paying their salary. Sergeant Runyon repeated several times that they told her daughter what needed to be done, but appellant insisted that BMV was going to take care of the problem immediately because she had come too far, and was tired of running her daughter around. She refused to listen to Sergeant Runyon. Finally, Sergeant Runyon slammed his hand on the desk to get her attention. Appellant slammed her hand on the desk, and said, "Don't slam your hand on the desk at me like that." Sergeant Runyon asked appellant several times to leave the office. Appellant stated that she was not leaving until the problem was taken care of. During this exchange, the volume of appellant's speech increased to the point where the work of the office was virtually stopped.
After giving appellant several more chances to leave, Sergeant Runyon told her he would arrest her for disorderly conduct if she did not leave. Appellant replied, "Well, arrest me then." Sergeant Runyon then handcuffed appellant. She began screaming about police brutality, and complaining that she just had knee surgery. Sergeant Runyon offered her a chair, but she refused to sit down. During this time, BMV called another police unit as backup. When backup arrived, appellant was taken to a back room, and her handcuffs were removed. She asked the Canton City Police Officer who arrived on the scene to arrest Sergeant Runyon. Appellant refused to provide information when Sergeant Runyon attempted to fill out an arrest form. She asked to call her attorney, which she was permitted to do. After talking to the attorney, she began to provide information for the arrest.
Eventually, appellant and her daughter were permitted to leave the office. Appellant's daughter asked the persons present in the office if they would be willing to testify, offering to pay them for their testimony.
Appellant was charged with disorderly conduct in violation of Canton City Ordinance 509.03, as a misdemeanor of the fourth degree. The case proceeded to jury trial in the Canton Municipal Court. Following trial, she was found guilty of "disorderly conduct." The court convicted appellant of disorderly conduct as a misdemeanor of the fourth degree, and sentenced her to 30 days incarceration, with all but ten days suspended on condition of good behavior for two years. In lieu of ten days incarceration, appellant was permitted to serve 30 days of electronically monitored house arrest, and perform 50 hours of community service. She was fined $100.
 I
Appellant first argues that her due process rights were violated when she was denied the right to a copy of the security tape from the BMV Office. She also argues that the court improperly controlled her presentation of the tape to the jury, as she was not permitted to stop and freeze each frame of the tape.
It appears from the record that appellant procured the video tape by subpoena. The record does not reflect that appellant filed a discovery request pursuant to Crim.R. 16, nor did appellant file a motion to compel discovery. Appellant has not demonstrated a due process violation.
Evid.R. 611(A) provides that the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the presentation effective for the ascertainment of the truth, avoid needless consumption of time, and protect witnesses from harassment or undue embarrassment. The trial court judge possesses inherent power to regulate court proceedings, and the order of a court affecting the conduct of the trial will not be reversed unless the complaining party demonstrates an abuse of discretion. E.g., Holmv. Smilowitz (1992), 83 Ohio App.3d 757. Appellant has not demonstrated that the court abused its discretion in preventing her from presenting the security tape from the BMV Office one frame at a time. The jury viewed the video tape at normal speed, and extensive testimony concerning the order and timing of the events was presented. In the interest of avoiding needless consumption of time, the court did not abuse its discretion.
The first assignment of error is overruled.
 II
Appellant argues that the court erred in overruling her motion to dismiss the charge for lack of probable cause for her arrest.
Appellant argues that the lawfulness of the arrest is an essential element of the offense, citing State v. Maynard (1996),110 Ohio App.3d 6, and State v. Lamm (1992), 80 Ohio App.3d 510. In those cases, the court considered the propriety of an arrest for disorderly conduct because the defendants in those cases were also charged with resisting arrest, for which the validity of the underlying arrest for disorderly conduct is an essential element of the crime. In the instant action, appellant was not charged with resisting arrest.It appears from the transcript of the proceedings that the court considered appellant's motions to dismiss, made at the end of the State's case and at the conclusion of appellant's case, as motions for directed verdict of acquittal pursuant to Crim.R. 29 (A). At the time the motions were made, there clearly was sufficient evidence of appellant's guilt to allow the case to go to the jury. Sergeant Runyon testified that appellant became belligerent, increasingly louder, and refused to leave upon his request to do so. Mary Berg, a person present in the office attempting to reinstate her license, testified that appellant was belligerent, screaming, and refused to leave despite several requests. Ms. Berg testified that her efforts to have her license reinstated were deterred by appellant's conduct, as all the workers in the office were trying to calm appellant down. Joe Allesandro, who worked for BMV, testified that business had to stop during the scene, due to the noise caused by appellant.
The second assignment of error is overruled.
 III
Appellant argues that the court erred in sentencing her for a misdemeanor of the fourth degree rather than a minor misdemeanor, as the court failed to instruct the jury on the element of persistence, needed to elevate the crime to a misdemeanor of the fourth degree. The State concedes that the court committed plain error in failing to give the instruction to the jury concerning persistence. However, the State requests that the case be remanded for retrial, rather than re-sentencing.
When the presence of an additional element makes an offense one of a more serious degree, a guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element is present. R.C. 2945.75 (A)(2). Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged. Id. The failure of the verdicts forms to comply strictly with R.C. 2945.75 (A) (2) does not constitute reversible error when the verdicts incorporate the language of the indictment, the evidence overwhelmingly shows the presence of the aggravating circumstances, and the defendant never objected to the form of the verdicts. State v. Woods (1982),8 Ohio App.3d 56, 63. However, where the indictment is not read to the jury, and the court fails to charge the jury concerning the aggravating circumstance which elevates the degree of the offense, the verdict convicts the defendant of the least degree of the offense charged. State v. Gleason (1996), 110 Ohio App.3d 240.
In the instant case, the verdict form states, "We, the Jury, being first duly impaneled and sworn, find the defendant, Joan G. Houger, guilty of disorderly conduct." The verdict does not state the degree of the offense, nor does it state the aggravating circumstance of persistence necessary to elevate the offense. Moreover, the court failed to charge the jury concerning the element of persistence. Because of the form of the verdict, appellant was convicted of disorderly conduct as a minor misdemeanor, and the court erred in sentencing her for a misdemeanor of the fourth degree.
The third assignment of error is sustained.
 IV
Appellant argues that the court committed plain error in impaneling a jury to decide a fourth degree misdemeanor, as it was apparent that the element required to elevate the crime to a misdemeanor of the fourth degree was not present.
Appellant has demonstrated no error in impaneling a jury. The offense charged was a misdemeanor of the fourth degree, for which a jury trial is appropriate. Further, appellant filed a jury demand on December 14, 1999.
The fourth assignment of error is overruled.
 V
Appellant argues that the judgment is against the manifest weight of the evidence. In considering a claim that the judgment is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the jury clearly lost its way. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The discretionary power to grant a new trial should be exercised only in the exceptional case when the evidence weighs heavily against conviction. Id.
Appellant was charged with disorderly conduct in violation of Canton City Ordinance 509.03 (a), defined as recklessly causing inconvenience, annoyance, or alarm to another, by making unreasonable noise; insulting, taunting, or challenging another under circumstances in which such conduct was likely to provoke a violent response; or creating a condition which was physically offensive to persons or presented a risk of physical harm to persons or property serving no lawful or reasonable purpose.
Sergeant Runyon testified that appellant and her daughter circumvented the sign-in procedure, and came directly to his post as a security officer in the BMV office. When he tried to explain to appellant that her daughter had been told how to get her license re-instated, appellant became increasingly louder and more belligerent, insisting that BMV take care of the problem for her daughter. Sergeant Runyon testified that Joe Allesando, the person attempting to sign in other clients, could not perform his job activities because of the noise. When appellant persisted in screaming and demanding that BMV solve the problem, Sergeant Runyon testified that he asked her several times to leave. When she refused to leave, he arrested her.
Mary Berg, a client of the office on the day in question, testified that despite the officer's repeated attempts to tell appellant that BMV told her daughter what she needed to do, appellant became increasingly belligerent and loud. Ms. Berg testified that appellant's actions deterred what she was attempting to do in the office, as all workers were attempting to calm appellant down. Joe Allesando testified that all work in the office stopped during the scene.
Both appellant and her daughter testified that they merely requested information, and Sergeant Runyon became angry and asked them to leave without attempting to help them.
The judgment is not against the manifest weight of the evidence. Sergeant Runyon, Mary Berg, and Joe Allesando all testified similarly as to appellant's conduct on December 2, 1999. Appellant implied at trial, and appears to imply on appeal, that she was treated differently by both the BMV and the courts because she is from Akron, rather than from Canton. The record simply does not support this contention.
The fifth assignment of error is overruled.
 VI
Appellant argues that the court erred in overruling her motion for new trial based on the fact that she was sentenced for a misdemeanor of the fourth degree, rather than a minor misdemeanor. This claim is rendered moot by our disposition of Assignment of Error III.
Appellant also argues that was entitled to a new trial because the court failed to timely respond to her motion for a stay pending appeal. This claim is not raised in her new trial motion, nor is it grounds for new trial. Further, appellant filed her motion to release from house arrest pending appeal on February 18, 2000. While the record does not reflect the court's ruling on this motion, the motion was granted by this court, on March 3, 2000. Appellant has not demonstrated any unreasonable delay.
The sixth assignment of error is overruled.
The judgment of conviction of the Canton Municipal Court is affirmed. The sentence for a misdemeanor of the fourth degree is vacated. This matter is remanded to the Canton Municipal Court with instructions to re-sentence appellant for the conviction of disorderly conduct, a minor misdemeanor.
By Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of conviction of the Canton Municipal Court is affirmed. The sentence for a misdemeanor of the fourth degree is vacated. This matter is remanded to the Canton Municipal Court with instructions to re-sentence appellant for the conviction of disorderly conduct, a minor misdemeanor.