[Cite as *In re F.F.*, 2016-Ohio-7695.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re F.F.

Court of Appeals No. WD-16-031

Trial Court No. 2016 JA 0374

**DECISION AND JUDGMENT**

Decided: November 10, 2016

* * * * *

Elizabeth A. Mertz, for appellant.

Paul A. Dobson, Wood County Prosecuting Attorney, Charles S.
Bergman, Chief Assistant Prosecuting Attorney, and David T. Harold,
Assistant Prosecuting Attorney, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, F.F., appeals the May 26, 2016 judgment of the Wood County

Court of Common Pleas, Juvenile Division, finding her delinquent under R.C.

2152.02(F)(1) for one count of disorderly conduct in violation of R.C. 2917.11(A)(5), a

minor misdemeanor.  We find that because her adjudication is not supported by the sufficiency of the evidence, we reverse.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

1.  THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN FINDING THAT THE STATE OF OHIO PROVED BEYOND A REASONABLE DOUBT ALL THE ELEMENTS OF DISORDERLY CONDUCT UNDER OHIO REVISED CODE SECTION 2917.11.

## Background Facts

{¶ 3} On April 13, 2016, appellant was attending the Children's Residential Center (CRC) for children with behavioral issues.  A teacher's aide, or para, testified that he asked appellant to clean up her desk.  Appellant did so, but not to the satisfaction of the para.  Appellant was then asked to do a more thorough job.  In response, appellant became agitated and frustrated and had an outburst.  Appellant called the para a "little bitch," and continued to use profanity before leaving the classroom.  Appellant was arrested for causing a disturbance.

{¶ 4} The complaint, filed April 14, 2016, states:

[F.F. violated R.C. 2917.11(A)(5) because she] did knowingly and intentionally cause a disturbance in the school at CRC by screaming and threatening staff and other students, destroying school property, attempting

to leave the grounds without authorization, and making threats to bring a gun to school and shoot a teacher and other staff members.

{¶ 5} The para's testimony was the only evidence presented against appellant at the April 19, 2016 adjudication hearing. The para testified that appellant screamed and used profanity. The para also testified he remained calm in response to appellant's outburst because he frequently, almost daily, dealt with similar outbursts from CRC students.

{¶ 6} The para testified appellant left his presence during the incident and, as a result, he did not witness her actions beyond her leaving. He stated, "[FF] then became angry, began using profanity and things of that nature, and then screamed a name at me and then ran out of the room." The para testified that he did not follow her and everything that subsequently occurred was told to him by other support staff and his supervisor.

{¶ 7} The para specifically testified he did not hear appellant make threats, he could not confirm why other children were crying, he did not see appellant destroy property, and he did not see appellant attempt to leave the CRC premises. No other staff or supervisor testified.

{¶ 8} At the April 19, 2016 hearing, the trial court found appellant delinquent for a disorderly conduct violation under R.C. 2917.11, based solely on the para's testimony. On May 26, 2016, a dispositional hearing occurred and the court ordered appellant to

3.

unsupervised probation. This judgment was journalized June 3, 2016. It is from this judgment appellant now appeals.

## Law

{¶ 9} A sufficiency of the evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541 (1997). An appellate court's function is to examine evidence admitted at trial to determine whether such evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus.

## Analysis

{¶ 10} In the sole assignment of error, appellant attacks the sufficiency of the evidence. Appellee contends there was sufficient evidence because the trial court amended the charge to a general R.C. 2917.11 violation in its judgment entry.

### Violation of R.C. 2917.11(A)(5)

{¶ 11} R.C. 2917.11(A)(5) pertinently states "[n]o person shall recklessly cause inconvenience, annoyance or alarm to another by * * * [c]reating a condition which is physically offensive to persons or which presents a risk of physical harm to person or

4.

property, by any act which serves no lawful and reasonable purpose of the offender." *See State v. Lamm*, 80 Ohio App.3d 510, 513, 609 N.E.2d 1286 (4th Dist.1992) (analyzing a city ordinance with the same elements).

{¶ 12} "A person may not be punished for speaking boisterous, rude or insulting words, even with the intent to annoy another, unless the words by their very utterance inflict injury or are likely to provoke the average person to an immediate retaliatory breach of the peace." *Lamm* at 513, citing *Cincinnati v. Karlan*, 39 Ohio St.2d 107, 110, 314 N.E.2d 162 (1974). To support a conviction of disorderly conduct, the words spoken must be "fighting words." *Id.*; *see also State v. Wylie*, 19 Ohio App.3d 180, 482 N.E.2d 1301 (8th Dist.1984), citing *Chaplinsky v. New Hampshire*, 315 U.S. 568, 573, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).

{¶ 13} Here, the evidence only reveals appellant used profanity and screamed during the April 13, 2016 incident. The para testified he stayed calm during the incident, dealt with one to three outbursts daily at CRC, and heard similar profanity often by students at CRC. He spoke of how common such an occurrence is at CRC and that no one retaliated based on appellant's words. Viewing the evidence in a light most favorable to the prosecution, we find that there was insufficient evidence presented to find appellant delinquent under R.C. 2917.11(A)(5).

{¶ 14} Accordingly, appellant's argument regarding R.C. 2917.11(A)(5) is well-taken.

5.

## Application of R.C. 2917.11(A)(1) and (2)

{¶ 15} Appellee further argues appellant was delinquent under R.C. 2917.11(A)(1) and (2) and, therefore, the trial court's finding of delinquency under R.C. 2917.11 generally, as stated in its June 2016 entry, reveals the court's intention to amend the April 14, 2016 complaint after the April 19, 2016 adjudication hearing.

{¶ 16} Pursuant to Juv.R. 22(B), a trial court has discretion to amend a complaint. Unless the juvenile court abuses its discretion in amending a complaint, the appellate court will not disturb the decision. *See In re Felton*, 124 Ohio App.3d 500, 503, 706 N.E.2d 809 (3d Dist.1997). An abuse of discretion means more than an error of law or judgment; it implies the trial court's attitude was unreasonable, arbitrary or unconscionable. *See State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 17} Juv.R. 22(B) provides:

Any pleading may be amended at any time prior to the adjudicatory hearing. After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaint charging an act of delinquency may not be amended unless agreed by the parties, if the proposed amendment would change the name or identity of the specific violation of law so that it would be considered a change of the crime charged if committed by an adult. Where requested, a court order shall grant a party reasonable time in which to respond to an amendment.

6.

{¶ 18} "Juv.R. 22(B) prohibits the amendment of a pleading after the commencement or termination of the adjudicatory hearing unless the amendment conforms to the evidence presented and also amounts to a lesser included offense of the crime charged." *In re Reed*, 147 Ohio App.3d 182, 186, 769 N.E.2d 412 (8th Dist.2002).

{¶ 19} R.C. 2917.11(A)(1) and (A)(2) provide:

(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person[.]

{¶ 20} Here, the evidence presented was insufficient to prove disorderly conduct, under R.C. 2917.11(A)(5), (A)(1) or (A)(2), also misdemeanors.

{¶ 21} Accordingly, appellant's sole assignment of error is well-taken.

### Conclusion

{¶ 22} The adjudication of delinquency is vacated and the judgment of the Wood County Court of Common Pleas, Juvenile Division, is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.           _____

                                                        JUDGE

Stephen A. Yarbrough, J.

                                   _____

James D. Jensen, P.J.                            JUDGE
CONCUR.

                                   _____

                                                        JUDGE

8.